DAVID W. McCREA, PLAINTIFF AND APPELLEE, v. MORRIS STIERMAN AND LOUIS SCHREIBER, DEFENDANTS AND APPELLANTS.

Submitted March 19, 1908—Decided June 8, 1908.

1. Under section 9 of the Practice act of 1903, no action will lie in favor of an attorney or solicitor against his client for the recovery of any fees, charges or disbursements without service upon such client in the manner directed by said section of a copy of the taxed bill of such fees, charges and disbursements.
2. As to the method of taxing such bill of fees, charges and disbursements, *quære*.

On appeal from the First District Court of Jersey City.

Before Justices REED, PARKER and VOORHEES.

For the appellant, *Robert L. Lawrence.*

For the appellee, *Frank W. Hastings, Jr.*

The opinion of the court was delivered by

PARKER, J. The appellee, plaintiff below, is an attorney and counselor-at-law of this state. His claim as to the facts of the case, which we shall assume for the purposes of this decision was fully proven, is that he was employed in his professional capacity by the defendants to enforce a contract for sale and conveyance of certain real estate by suit for specific performance or otherwise; that he drew and filed a bill in chancery accordingly, with notice of *lis pendens,* but that

shortly afterwards, on his requesting, by telephone, a payment for his services, the defendants repudiated their employment of him and directed him to discontinue proceedings; whereupon, without discontinuing the chancery suit or serving any copy of the taxed bill of his fees, charges and disbursements, as required by section 9 of the Practice act of 1903, he began this suit to recover the sum of $300 for his services as solicitor and counsel. The District Court gave judgment in his favor for this amount, which judgment is now before us on appeal.

The appellee makes no claim for the fees and costs fixed by statute and taxable, as was said in *Strong* v. *Mundy,* 7 *Dick. Ch. Rep.* 833, only as between party and party. He also recognizes our well-settled rule as laid down in the leading case of *Schomp* v. *Schenck,* 11 *Vroom* 195, and other cases, that no suit will lie to recover fees for advocacy without an express contract to pay a specific sum. "The sole point raised," he says in his brief, "is whether an attorney or solicitor who has been employed to do service of a kind performed in this case, and who performs that service, and who makes a charge for the service which is reasonable, can recover for the service in an action at law, without having a bill taxed by the court."

The whole subject of attorneys' fees was thoroughly discussed in *Strong* v. *Mundy, ubi supra.* It was therein laid down (1) that the statute regulating fees does not control charges as between attorney and client but only as between party and party, the latter being known as "costs of increase;" (2) that an attorney might, without taxation of items, retain the amount of his reasonable fees, charges and disbursements from moneys collected by him for his client in the same suit; (3) that in case a suit against the client be necessary the reasonableness of the attorney's claim must, under section 9, be settled by taxation.

As to the details of taxation, by what process, and under whose supervision it should be done, our statute is silent. The practice has long obtained in some of the courts of this state of taxing costs as between attorney (or solicitor) and client, but only on a basis of statutory fees. Section 9, formerly section 12 (Revision of 1874), section 11, act of 1799

(*Pat. L., p.* 356), borrows its language, as stated in *Strong* v. *Mundy, supra,* from 2 *George II., c.* 23, § 23, but with some modification, notably that the word "taxed" does not appear in the English act before the word "bill," and suit cannot be brought until a month after service of the bill, apparently to give the parties an opportunity to apply to the court for a reference of the bill to the taxing officer; a practice provided by the same section at considerable length. Our statute omits all this, and only occasionally have the disputes of lawyers and clients come into court. So far as the present case is concerned, we may say that as no "taxed bill of fees, charges and disbursements" was ever served, the District Court should have nonsuited the plaintiff on his own case. Just what is necessary on the plaintiff's part to enable him to serve the "taxed bill" required by the statute need not be decided, as he does not appear to have made any attempt in that direction.

The judgment of the District Court must be reversed, and, under the statute regulating appeals, judgment may be entered in this court in favor of defendant below without prejudice to a new action based on service of the taxed bill required by the Practice act.