ROSARIO NOTTO, ADMINISTRATOR, DEFENDANT IN ERROR, v. ATLANTIC CITY RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued January 9, 1908—Decided June 15, 1908.

A mortality table printed in a law-book is not admissible in evidence where it is not shown to have been in actual use for the purpose for which such tables are intended, or to have acquired a reputation for accuracy, unless the authenticity is established by competent evidence.

On error to the Supreme Court.

For the defendant in error, *Andrew J. King* and *Carrow & Kraft.*

For the plaintiff in error, *Thompson & Cole.*

The opinion of the court was delivered by

SWAYZE, J.    The only assignment of error that we think we need consider is that which challenges the admission in evidence of volume 20 of the American and English Encyclopædia of Law to prove the Carlisle mortality tables.

That mortality tables are admissible in a proper case has been decided by this court. *Camden and Atlantic Railroad Co.* v. *Williams,* 32 *Vroom* 646. We there said that the authenticity of the paper produced as the table should be established by proof satisfactory to the court, as by the testimony of a witness familiar with it and with its use, and that its office and use should be explained by a competent witness.

The only proof in this case was by the testimony of one of the counsel for the plaintiff, who produced the volume of the encyclopædia and testified that the tables represented the reasonable expectancy of life as shown from the experience gathered by insurance companies in America and England, and was known as the Carlisle table. Upon cross-examination he said he knew nothing other than what he saw in the book, and had not compared the table there given with a table recognized and established as the Carlisle table.

There was no preliminary proof as to his knowledge or use of the Carlisle table, and we cannot assume that a lawyer is necessarily competent to testify as to the accuracy of a mortality table. That he was not familiar with the subject seems to be fairly inferable from his statement that the Carlisle table is based on American as well as English experience.

His knowledge of the character of the table was derived from what appeared on its face, and it did not purport to be the Carlisle table, but a table based on American experience.

We do not doubt that cases may arise in which the court will take judicial notice of the accuracy of mortality tables. They may be found in books in constant use by the courts for making calculations necessary to ascertain the value of annuities, rights of dower and curtesy, or may be adopted by rule of court. But before the court will take judicial notice of such tables, it ought to know, either by its own experience or the general use of the table by lawyers or actuaries, or its reputation, that it is accurate. We have no knowledge that the table printed in the book in question has ever been used in such a way that we may fairly assume it to be accurate. It seems to have been in print only since 1902, and, as far as we know, has never been actually used for the purpose for which such tables are intended. If it is, as it purports to be, correctly copied from a table authorized by statute in New York, a different question might be presented, but as the case now stands, this table was not admissible. That it may have been harmful appears from the reference made to it by the judge in his charge.

For this error the judgment must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, BOGERT, VROOM, GREEN, GRAY, DILL, J.J.    11.