THOMAS H. BROWN, PLAINTIFF, DEFENDANT IN ERROR, v. S. CARMAN HARRIOT, DEFENDANT, PLAINTIFF IN ERROR.

Argued November 23, 1910—Decided June 19, 1911.

1. The rule laid down in the English cases relating to actions by attorney against client for the recovery of fees, charges and disbursements, that if part of the items in the attorney's bill as served are taxable at the instance of the party chargeable under the statutes relating to taxation of such bills, the remaining items cannot be separated from them in a suit to recover the amount of the served bill, is not applicable to cases arising under our Practice act of 1903, section 9 (in force in this state since 1799), which requires taxation of the bill before service thereof.

2. In a suit for recovery of an attorney's bill containing both taxable and non-taxable items, the previous service of an untaxed bill made up of such items will not preclude recovery for items in such bill that need not have been taxed as a condition precedent to suit.

On error to the Supreme Court.

For the plaintiff in error, *George W. Flaacke.*

For the defendant in error, *Norman L. Rowe.*

The opinion of the court was delivered by

PARKER, J.   This is an action for the recovery of the amount of an attorney's bill for services and a charge for disbursements amounting to $6.83, and for conveyancing. The assignments of error rest upon an exception to the court's

refusal to nonsuit the plaintiff, and several exceptions to the exclusion of testimony offered by defendant.

The motion to nonsuit was rested on the sole ground that the plaintiff was an attorney at law, that part of the services alleged to have been performed by him were in that capacity, and that he had not, before beginning suit, delivered to defendant, his client, a copy of the taxed bill of his fees, charges and disbursements as required by section 9 of the Practice act of 1903 (*Pamph. L., p.* 538), an enactment that has been on the statute books since 1799. *Pat. L., p.* 356, § 11.

If the plaintiff's demand were entirely composed of charges for business done in and about the conduct of litigation, a nonsuit should have been granted. *Bentley* v. *Fidelity and Deposit Co.,* 46 *Vroom* 828, 829. The precise method of taxing such a bill seems to be unsettled. *Truitt* v. *Darnell,* 20 *Dick. Ch. Rep.* 221, 229; *McCrea* v. *Stierman,* 47 *Vroom* 394.

The plaintiff in error goes further, however, and maintains that as the claim sued on consisted in part of taxable items, the whole claim should have been taxed, and failing such taxation, recovery could not be had for any part of it; citing many English cases which need not be mentioned here, as they are collected in the standard English books on practice. 1 *Tidd Pr.* (*9th Eng. ed.*) 328 *et seq.;* 1 *Arch. Pr.* (*6th ed.*) 78. That such was the rule under the English statute (2 *Geo. II., c.* 23, § 23) cannot be doubted. But that statute, which will be found fully quoted in both Tidd's and Archbold's Practice, differs widely from our New Jersey act. While our act requires the service of a bill already taxed as a condition precedent to suit in all cases, the English act provides in substance that attorneys and solicitors shall not commence or maintain any suit for recovery of any fees, charges or disbursements until the expiration of one month or more after they shall have delivered to the party to be charged a bill of such fees, &c., subscribed with the proper hand of such attorney or solicitor; and upon application of such party to the proper judge and his submission to pay the sum found due upon taxation, the same shall be referred to the proper

taxing officer, and the amount found by him shall bind the parties. It is intimated in *Strong* v. *Mundy,* 7 *Dick. Ch. Rep.* 833, that either attorney or client might apply to have the bill taxed, but the learned justice who delivered the opinion in that case fell into error in this regard. The privilege of having a taxation was that of the client or party chargeable, and continued for a month, after which he was liable to be sued and to be mulcted in costs. These, of course, he could avoid by payment within the month. But it is plain that if the bill contained also items that were by themselves non-taxable, and the attorney were permitted to sue for these without waiting for the statutory period to elapse, the immunity from costs would be lost. It might further be said that the inclusion of both classes of items in one bill, formally subscribed as required by the statute, would be to some extent a submission of all those items by the attorney to taxation, if demanded; while if the non-taxable items were asserted separately and not in a bill made out and signed under the statute, the client or party charged would be under the duty of deciding promptly whether to pay or stand suit. In fact, those items might be put in suit without presentation of any bill at all.

The provision of our statute is very different in requiring the bill of "fees, charges and disbursements" to be taxed before it is delivered. This imposes on the attorney in the first instance and without any demand of the client, an obligation to have his bill taxed. Consequently, it seems to us that under our statute the delivery to the client of an untaxed bill of taxable items is simply nugatory and the client need not concern himself about a legal obligation to pay such taxable items. But being impotent to lay the foundation of an action for these items, it should not, for that reason, operate to prevent a recovery for other items included but non-taxable. Here the reason for the English rule fails; and if a suit be brought in such case on both classes of items, it should stand as properly brought for non-taxable items, but improperly brought for those taxable. This rule would dispose of the motion to nonsuit, for manifestly the items for

conveyancing were not such as came within the purview of either the English statute or our own.

It is true that Lord Eldon held in *Hill* v. *Humphreys*, 2 *B. & P.* 343, that the conveyancing charges were paid in that case "in the character and in the exercise of the duties of an attorney;" but he did not dispute that Lord Kenyon properly held that in an action for items of conveyancing only, no bill was required to be served. Hence, this decision does not militate against our view that when the service of an untaxed bill is nugatory, the non-taxable items may be recovered by suit. It follows that the refusal to nonsuit was not erroneous.

The only other exceptions taken are to the exclusion of evidence of the witness Nevin and of the defendant. By the latter it was sought to show what the amount of Brown's bills had been prior to the period covered by the suit. This was properly excluded; it was manifestly irrelevant as tending to raise an outside issue. The questions asked of Nevin were upon his recall for further direct examination. He had been examined in chief, dismissed without cross-examination and the examination of another witness begun, when Nevin was recalled for further direct examination. The allowance of such further examination at all and its scope and limits, if permitted, were within the discretion of the court. *Wigm. Ev.*, § 1896. The ground of objection to the then excluded questions was that they were repetition. One of them certainly was. The other two, if not strictly repetition, related to matters that had been generally covered by the original examination; and this exclusion may be regarded as an entirely proper exercise of the discretion vested in the trial court with respect to the scope and limits of the re-examination of the witness.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, JJ. 12.

*For reversal*—None.