JOHN W. WESCOTT, DEFENDANT IN ERROR, v. ELIZA-
BETH B. BAKER, PLAINTIFF IN ERROR.

Argued March 6, 1912—Decided November 18, 1912.

1. An attorney of a sister state may maintain an action in this
   state to recover compensation for legal services rendered to a
   client in the state in which he is licensed to practice.
2. An attorney of this state may maintain an action against his
   client for services in examining or in preparing papers which are.
   not connected with any pending litigation, without first deliver-
   ing to his client a copy of the taxed bill of his fees, charges and
   disbursements as provided by section 9 of the Practice act of
   1903.

On error to the Atlantic Circuit Court.

For the plaintiff in error, *Enoch A. Higbee* and *Harry R.
Coulomb.*

. For the defendant in error, *Thompson & Smathers.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The plaintiff, an attorney-at-
law of this state, brought this suit to recover compensation for
professional services rendered to the defendant. Those services
consisted in aiding in the re-organization of certain corpora-
tions of the State of North Carolina in which the defendant
was largely interested; in attending meetings of the directors
and stockholders of those corporations from time to time from
the year 1901 to the year 1906; in preparing for such meet-
ings, and advising with relation to the various matters pro-
posed, considered and determined thereat; collecting two in-
surance policies; aiding in the settlement of the estate of the
defendant's deceased husband, and securing the defendant's
interests therein; bringing about an exchange of real estate in
the city of Philadelphia for real estate in North Carolina, and
examining and passing upon the papers and titles involved
therein, and various other matters covering the period already

mentioned. The trial resulted in a verdict for the plaintiff, and the judgment entered thereon is now before us for review.

The defendant below seeks a reversal of the judgment upon three grounds—*first,* because the trial court refused a nonsuit at the close of the plaintiff's case; *second,* because of the refusal to direct a verdict for the defendant; and *third,* for alleged error in the charge to the jury.

The motion to nonsuit and the motion to direct a verdict for the defendant were based upon the theory that, so far as the professional services rendered by the plaintiff related to matters happening in North Carolina, or concerned North Carolina interests, there could be no recovery for professional services rendered by an attorney unless he was a licensed practitioner of that state, and that it did not appear that the plaintiff held such a license. It was also argued that so far as Mr. Wescott acted in a professional capacity in this state, he was barred from recovery whether the services rendered are considered as those of a counsel or of an attorney; that an action will not lie for services rendered as counsel, except upon an express contract, and that no such contract is claimed to exist in the present case; and that for services rendered as an attorney there must be a taxation of his fees for the same as a prerequisite to the bringing of a suit, which was not done in the present case.

Conceding the legal propositions upon which these motions were based to be sound, so far as they are applicable, the proofs show that some of the services for which the plaintiff claims compensation were rendered with relation to the exchange of a piece of property belonging to the defendant in Frankfort, Pennsylvania; that they consisted, among other things, in the examining of the title of property located in that state, having a survey made of it, and an ascertainment of the encumbrances upon it. It appears from the testimony of the plaintiff himself that at the time of the rendition of those services he was a licensed attorney of the State of Pennsylvania. For these services he was entitled to a reasonable compensation, and, consequently, it would have been improper to nonsuit him, or to direct a verdict in favor of the defendant.

The judicial action is justifiable upon another ground. Some of the services for which the plaintiff claimed compensation were such as properly may be rendered by an attorney of this state, and yet were not of such a character as required a taxation of his fees under the ninth section of the Practice act, consisting, as they did, in the examination or preparation of papers which were not connected with any pending litigation. Such services were similar in character to those referred to in *Brown* v. *Harriot,* 52 *Vroom* 484, and are not within the purview of the statute, under the authority of that case.

The assignment of error which deals with the instructions of the court to the jury attacks the following excerpt from the charge: "Attention is called in the argument of counsel to the failure of the defendant to call a sister of hers to substantiate her testimony in denial, and counsel for the plaintiff relies upon that as a circumstance which you are to take into consideration, and which he contends furthers the plaintiff's contention." The assignment seems to be based upon the theory that the court, in using the language quoted, left it to the jury to determine whether or not they would infer from the failure of the defendant to call her sister, that the sister's testimony would have been injurious to her case. But, manifestly, this is not so. The quoted words lay down no legal proposition; they are a mere statement of a contention made by plaintiff's counsel, and which the court, neither expressly nor by implication, approves or disapproves. If the defendant had desired a judicial ruling upon the matter said to have been mooted by counsel for the plaintiff, she should have submitted a request for the instruction.

The judgment under review will be affirmed.

*For reversal*—None.