MAX LOMASCHINSKY, PLAINTIFF-APPELLEE, v. LOUIS APRIL, DEFENDANT-APPELLANT.

Decided May 20, 1924.

Contracts—Storage of Goods—Goods Left by Defendant, Being Property of a Dispossessed Tenant of His—Contract for Storage Made by Defendant, Plaintiff Having Knowledge of Ownership.

On appeal from the Second Judicial District Court of the County of Essex.

Before Justices KALISCH and KATZENBACH.

For the appellant, Harry Levin.

For the appellee, Fast & Fast.

PER CURIAM.

The plaintiff brought his action against the defendant on book account for storage of furniture from March 2d, 1920, to September 2d, 1921, a period of eighteen months, at $5 per month, upon which there had been paid $10, leaving a balance due of $80. The case was tried before the court, sitting with a jury. No stenographer appears to have been appointed to take notes of the testimony and proceedings. The jury brought in a verdict for the plaintiff for $82.50, upon which verdict a judgment was ordered by the trial judge, from which judgment the defendant has appealed to

this court. Counsel of the respective parties being unable to agree on a state of the case, the case was settled by the trial judge, and from which it appears that at the trial the pleadings were amended, by consent of counsel from the action on book account to an action on an express agreement on the part of the defendant to pay $5 per month for storage in the plaintiff's storage warehouse of certain goods deposited with the plaintiff therein; that the plaintiff testified that the defendant brought the goods to his storage warehouse on March 2d, 1920, in a moving van, and that the defendant asked plaintiff if he had a room in which the goods could be stored, and, if so, what the charge would be, and that the plaintiff told him that he had a room and that the charge was $5 per month, and that $10 was to be paid in advance; and thereupon the goods were then left by defendant with plaintiff for storage at $5 per month, and paid the plaintiff $10 on account on March 16th, 1920, and that the goods were in storage from March 2d, 1920, to September 2d, 1921; that the plaintiff was aware at the time the goods were delivered for storage that they were owned by one Winarsky, who had been a tenant of the plaintiff and whom the defendant had dispossessed. That the defense was that the defendant told the plaintiff that the goods belonged to the tenant, and that therefore he was not liable for the bill, and that if there was any liability the tenant was solely answerable therefor. This defense ignored the fact that the plaintiff's action was founded wholly upon an express agreement between the plaintiff and defendant, by which the latter agreed to pay the plaintiff the storage fees agreed upon, and, therefore, manifestly without any merit.

The first alleged trial error relied on by appellant for a reversal of the judgment is based upon the refusal of the court to permit the plaintiff, upon cross-examination, to answer the following question: "Why have you not sold the goods for non-payment of storage charges?" The question was objected to as immaterial. We think the objection was properly sustained. The plaintiff was under no legal obli-

gation to sell the goods. He was entitled to rely upon his contract, that the defendant would pay the storage fees, as agreed upon.

The second ground urged for a reversal is equally without merit. The question put to the plaintiff, on cross-examination, was, "Is it not your custom to sell goods stored when storage is not paid?" . This question was objected to by plaintiff's attorney and the objection was sustained. It is apparent that the question was irrelevant, in view of the fact that the action was based upon an express contract, and, therefore, the plaintiff's custom had no hearing on the matter in issue.

It is next argued that the trial judge erroneously refused to permit the plaintiff to be asked, by defendant's attorney, the following question: "Notwithstanding *D-1* for identification, you did not sell the goods?" *D-1* was a letter written by defendant's attorney to the plaintiff's attorney after the present action was instituted. A perusal of the contents of the letter makes it manifest that it had no bearing on the question in controversy, and, moreover, it was later introduced in evidence.

The fourth ground urged for a reversal is that the trial judge erroneously refused to permit the plaintiff to answer the following question: "What is you custom as to charging for storage for goods brought by a landlord but belonging to a tenant?" The question was properly excluded. As already stated by us, in considering the second ground of appeal, the plaintiff's custom was not involved in the issue, since his action was brought on an express contract, which was explicit and unambiguous in its terms.

The first and sixth points in the specification of grounds of appeals are not presented in the appellant's brief, nor were they argued, and hence will be considered to have been abandoned.

The seventh point is based upon an exception taken by appellant to that part of the charge where the trial judge instructed the jury: "If the landlord brings articles belonging

to a tenant to a storage warehouse, unless the tenant actually agrees to pay for storage warehouse charges, the tenant could not be presumed to owe for such charges, if there is no evidence showing an assumption of the charges by defendant."

This was an accurate statement of the law. The instruction, under the circumstances of the case, was neither improper nor misleading.

The eighth ground of appeal is based on an exception taken by appellant to this portion of the charge: "That the landlord could have put the goods in the yard and that he would not have been liable for any damage done, provided the landlord has used ordinary care in seeing that the goods were properly placed in the yard."

The appellant does not contend that this instruction was erroneous in law, but insists that it had no application to the facts of the case, and, therefore, was calculated to mislead the jury.

According to the state of the case, there was testimony introduced on behalf of the defendant that the tenant had been dispossessed by the landlord for non-payment of rent, and had removed the goods to plaintiff's storage warehouse. It is therefore manifest that what the trial judge said was illustrative of what course was open for the landlord to have pursued, and was proper comment. The landlord was under no duty to have taken and deposited his tenant's goods in the plaintiff's warehouse, but since he did so, and expressly agreed to pay for their storage, he was bound by his contract.

The ninth point is also based upon an exception taken by appellant to that part of the charge where the trial judge said: "That the defendant retained a mental interest in the goods, because he went to the storage warehouse where the goods were stored, three months prior to trial, to see if the goods were there." There was testimony in the case that the defendant did go to the plaintiff's warehouse to see if the goods were there. The contention of the appellant is that the use of words "mental interest," whatever may have been its import, implied, at least, that the defendant retained an

interest in the goods, and tended to confuse the minds of the jury.

The state of the case shows that the defendant introduced testimony that the defendant, several months after the goods were stored in plaintiff's warehouse, went there to see if the goods were there. Of course, this was some evidence that the defendant took an interest in the stored goods and manifested his mental attitude concerning them. We are unable to detect anything in what the court said on the subject that tended to mislead the jury.

The tenth ground of appeal, stated in the specification of errors, is not presented in the brief, and was not argued.

The eleventh ground of appeal is based upon an exception taken by appellant to this portion of the court's charge: "That no inference is to be drawn from the fact that the attorney of the plaintiff in the case being tried, was the same party who was attorney for the tenant, Winarsky, in some other suit between Winarsky and April."

This evidently had reference to what one of the counsel had said in his summation of the case. This was not improper comment by the court. *Westcott* v. *Baker,* 85 *Atl. Rep.* 315; 83 *N. J. L.* 460 (at *p.* 462).

The twelfth ground of appeal is based upon an exception taken by appellant to this instruction: "That the jury could take into consideration the fact that when counsel for defendant was asked by the court why a distress was not issued by the defendant in this suit against the goods of April, instead of dispossessing the said April in a suit between Winarsky and April, defendant's attorney replied that the defendant Winarsky, in said other suit, would have claimed an exemption to $200 allowed by law, and that it would have left nothing to sell under the distress, while the defendant, April, in this present suit, in his cross-examination had stated that the value of the goods was between $400 and $500." This appears to have been another comment by the court upon what transpired during the trial of the case, and, according to the ruling of *Westcott* v. *Baker, supra,* is no ground for reversal.

The thirteenth and last ground which is urged for reversal is directed against a portion of the charge of the trial judge, but the record does not show that any exception was taken thereto.

For the reasons stated the judgment of the District Court is affirmed, with costs.