THE INHABITANTS OF THE TOWNSHIP OF UNION, IN THE COUNTY OF BERGEN, (TO THE USE OF ELLIOTT), v. GEORGE BAYLISS AND LOUIS KOCH.

1. Under a writ of possession, the officer must invest the plaintiff with the full, actual and complete possession of the premises. He is bound to remove all persons in possession. The test is, that the plaintiff must

be so established in his possession by the officer, that any person entering upon him, *se invito*, will be indictable for a forcible entry.

2. The officer is not bound to remove the tenant's goods, but he may give the tenant an opportunity to do so, or he may remove them himself, as the agent of the plaintiff.

In debt. On rule to show cause.

Argued at November Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiffs, *Gilbert Collins.*

For the defendants, *John Linn.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is an action upon a bond given by a constable for the faithful performance of his duty. The issue made was whether the constable performed his duty in the manner in which he executed a writ of possession, issued by a justice of the peace, in pursuance of the "landlord and tenant act."

The possession to be given by the officer is a full and actual possession, and he is armed with all power necessary to this end. He is bound to turn out all persons in possession, as well the defendant as other persons not parties to the record. To prevent injustice in such cases, the Court of King's Bench exercised the right, independent of the statute of 11 *Geo. II.*, *ch.* 19, to stay the execution in ejectment, where persons in possession had a paramount right to the actual defendant 2 *Bac. Abr.*, " *Ejectment*," *G* 2 ; *Adams on Ejectment* 344 ; 3 *Black. Com.* 203–5 ; *Ex parte Black*, 2 *Bailey (S. C.)* 8.

In the old authorities it is laid down that if the lessor, after having had possession given to him by the sheriff, and before the writ had been returned and filed, be again ousted by the defendant, he shall have a new writ of possession or an attachment. *Adams on Ejectment* 344 ; *Kingsdale* v. *Mann*, 1 *Salk.* 321 ; *Rex* v. *Harris*, 1 *Ld. Raymond* 482.

In *Upton* v. *Wells*, 1 *Leonard* 145, where the sheriff returned that, in the execution of the writ, he removed all persons whom, upon diligent search, he could find on the premises, and gave peaceable possession to the plaintiff, and that immediately after he was gone, three men, who were secretly lodged in the house, expelled the plaintiff, upon notice of which, he returned to the house to put the plaintiff in full possession, but met with such resistance that he could not do it, the court held that there was no execution, and awarded a new writ.

This is the recognized rule ; the law will not permit the efficacy of its judgment and execution to be impaired by any evasion or subterfuge.   The exigency of the writ entitles the plaintiff to be invested with the full, complete and peaceable possession of the premises.

It was not the duty of the constable, as is insisted by the plaintiff, to remove the tenant's goods from the premises before he put the plaintiff in possession.

The only case in which I find such a doctrine advanced is *Scott* v. *Richardson*, 2 *B. Monroe* 510, but no cases are there cited to support it.

In *Smith* v. *White*, 5 *Dana* 376, the court says that it might have been proper to remove the tenant and his goods, in order to invest the plaintiff with complete possession, but there is no assertion that such removal was essential to a complete execution ; in fact, in this case, the defendant submitted to the process of the court, and yielded up the possession to the agent of the plaintiff; acknowledged himself out, and entered afterwards, under the title of the plaintiff, by a new lease.

In *Watson on Sheriffs* 216, it is not stated to be the imperative duty of the officer to remove the goods, and none of the cases referred to in support of the text will justify such a rule. 2 *Archb. Pr.* (2d ed.) 58 ; *Upton* v. *Wells, supra.*

Crocker on Sheriffs, in his statement of the officer's duty

under a writ of possession, has reference to the New York statute.

The constable had a right to give the tenants an opportunity to remove their goods, or to remove them himself, as the agent of the plaintiff, but he was under no legal obligation to aid in removing them.

Upon both these points the law was correctly declared by the justice who tried the cause below.

The question to be considered is whether all persons setting up an adverse right were removed, and the actual, complete and peaceable possession of the premises delivered to the plaintiff. If any one was left there to contest his right, the service of the writ was imperfect.

That the plaintiff was not put in such peaceable possession seems to be clear, from the testimony of the defendant Koch himself.

He says that he was there upon the premises with Constable Garland, at the time Constable Bayliss was executing the writ of possession ; that as soon as Bayliss removed the tenants off the premises, he stepped up and said to the plaintiff and Bayliss, " as a member of the township committee, myself' and Mr. Garland, a constable of the township here, claim now possession of this place." And when Koch was asked why the plaintiff did not take possession when Bayliss told him that his tenants were out, he replied, " I suppose that he thought that we had a right there. It seemed to me as if he gave the place up to us, by our stating that we had leased the place, and showing him the deed. We intended to keep one or two constables there to take care of it for the town."

The mere removal of the tenants, accompanied with the declaration that the plaintiff could take the possession, was futile so long as Koch was permitted to stay on the property, claiming the possession, with a constable at his side to support his pretensions. Koch was there manifestly with the intent to deprive the plaintiff of the fruits of his execution, and he has succeeded. The writ was not duly executed. The test

is, that the plaintiff must be so established in his possession by the officer, that any person entering upon him, *se invito*, will be indictable for a forcible entry.

There should be a new trial in this cause.