---

(Lorain County Common Pleas, 1901.)
KUEBLER BREWING CO., v. PATRICK McGUIRE and WILLIAM H. WARDEN, Sheriff.

---

1. When the sheriff has a writ of *habere facias*, to put the plaintiff in ejectment in possession of the land recovered in such action, and simply asks the direction of the court as to what his duties are under such writ, he is not subject to be enjoined from tearing down and removing a portion of a wall standing upon the piece of land recovered in the action.

2. By virtue of a writ of possession under the statute of Ohio, whereby the sheriff is ordered to put the plaintiff in ejectment in possession of the land recovered, the sheriff is not required to cut down or remove a portion of a wall standing upon the land recovered in such action.

All the sheriff is required to do under such writ, is to put the plaintiff in the peaceable possession of said real estate in the condition in which he finds it, with all the improvements placed or standing thereon.

NYE, J.

This action is brought to enjoin the defendant William H. Warden, Sheriff of Lorain County, Ohio, from cutting down the south side of the wall of plaintiff's brick building, situated on the west side of Penfield Avenue in the city of Lorain, Ohio.

The petition alleges and the parties admit that at the May term 1896, of the court of com-

mon pleas of Lorain county, Ohio, the defendant Patrick McGuire recovered a judgment by the consideration of said court against the plaintiff, decreeing to said defendant Patrick McGuire the right to the possession of land about eighty feet long, east and west, and four inches wide at the east end and one and three-fourths inches wide at the westerly end, upon which strip of land stands the south side of the plaintiff's three story brick building.

The petition further alleges and it is admitted by the parties to this action that on the 14th day of September 1900, the clerk of said court issued a writ of *habere facias* commanding said sheriff to deliver the possession of the real property in controversy to said defendant Patrick McGuire, and that said sheriff made return of said writ as follows:

"Received this writ September 15, A. D., 1900, and pursuant to its command I did on the 20th day of September, A. D., 1900, notify Q. A. Gillmore, agent of the within named defendant, to vacate the premises herein described; but on account of a brick wall standing on the premises on the remainder of said lot, and now owned by the within named Patrick McGuire, making it impossible to get on the premises, all of which prevents me from executing the command of this writ, the same is hereby returned unsatisfied".

The petition further alleges that on the —— day of March 1901, said clerk issued a similar writ of *habere facias* in said case, commanding the sheriff to del'ver the possession of the real property to the said Patrick McGuire, and said sheriff now has possession of said writ, and said sheriff threatens and is about to enter upon said premises and cut and chissel off and tear down the wall of said brick building where the same stands upon the premises hereinbefore described.

The petition further alleges that there has been no material change in the situation since the first writ was issued, and returned by the sheriff.

Wherefore plaintiff prays that during the pendency of this action said defendants be enjoined from cutting down said wall or any part thereof, and that on final hearing said defendants may be, perpetually enjoined from cutting down said wall.

There is no allegation in the petition that Patrick McGuire, the defendant herein, threatens to or is about to cut down said wall, and there has been no proof given upon the trial of this case that said Patrick McGuire threatens or is about to cut down said wall.

I therefore find and hold that there is no cause of action stated in the petition against said Patrick McGuire, and as to him the petition will be dismissed.

The defendant William H. Warden, Sheriff, for answer to the petition of said plaintiff and to the answer of said Patrick McGuire, defendant, says, "that he holds the writ issued to him described in the petition, and he is anxious to discharge his duty in the execution and return thereof; that he is in doubt what his duty is in that respect, and he asks the direction of the court.

The proof in the case shows that the defendant Patrick McGuire is insisting that the sheriff, to put him in possession of said strip of land, must cut down and remove said wall so far as the same stands upon the land of said Patrick McGuire.

The proof in the case further shows that since plaintiff erected its brick building, the defendant McGuire has caused a frame building, about forty feet deep and twenty-five feet wide and twelve feet high, to be erected close up to the south side of plaintiff's brick building, and so attached to said brick wall that the iron roof of said McGuire's building projects into said brick wall so that water cannot run down between said buildings.

The said McGuire testified that he had told the sheriff he would remove his building long enough for the sheriff to cut down the wall between said two buil ings. But said McGuire insists that the sheriff shall cut off that portion of the wall not between the two buildings before he moves his building.

Upon the trial of this case there is an entire lack of evidence to show that the defendant William H. Warden, Sheriff, threatens, or is about to cut down or remove said wall; but that the sheriff is ready and willing to do whatever his duty is as such sheriff under and by virtue of said writ of *habere facias*.

I therefore find that said sheriff is not threatening to cut down and destroy the plaintiff's wall, and that the plaintiff is not entitled to have the defendant enjoined and restrained from cutting the same down.

I therefore hold that the petition should be dismissed as to said defendant William H. Warden, Sheriff.

In as much as the parties to the original ejectment case are before the court, and the sheriff is asking the direction of the court as to what his duties are with respect to said writ, I believe it is not inappropriate, and perhaps is my duty, to explain what I believe to be the law with reference to the sheriff's duties in executing a writ of possession under our statute.

Section 5373 Revised Statutes, provides, that "Executions are of three kinds. * * * 3d. For the delivery of the possession of real property, including real property sold under orders of sale; the writ shall contain a specific description of the property, and a command to the

sheriff to deliver the property to the person entitled thereto"

It may be well to look to the common law to ascertain how such writs were executed and what constituted a delivery of possession under a writ at common law.

Blackstone says (3 Black's Com., 412) "If the plaintiff recovers in an action real or mixed, whereby the seizin or possession of land is awarded to him, the writ of execution shall be an *habere facias seizena* , or writ of seizin, of a freehold; or an *habere facias possessionem,* or writ of possession, of a chattel interest. These are writs directed to the sheriff of the county, commanding him to give actual possession to the plaintiff of the land so recovered; in the execution of which the sheriff may take with h'm the *posse comitatus,* or power of the county; and may justify breaking open doors, if the possession be not quietly delivered. But if it is peacefully yielded up, the delivery of a twig, a turf, or the ring of the door, in the name of seizin, is sufficient execution of the writ."

Freeman in his valuable work on executions at section 473, says "The power and authority of an officer in executing a writ of possession are ample for the accomplishment of everything requisite to a lawful enforcement of the writ. He may summon all the power of the county to his aid. He may remove all persons whose rights are subject to the writ, together with their property found on the premises, and may exercise all the force required to overcome such opposition as may be made to such removal. Those who undertake to resist or disturb him may be proceeded against by attachment in the suit whence the writ issued. If a dwelling or other house is on the premises, he may, after first making a fruitless demand for admittance, break the doors and windows, and use all requisite force to gain admission, and to remove all the occupants whom he is entitled to dispossess under his writ."

Again the same author says, in section 474. "A writ of possession is executed by placing the plaintiff in the actual and peaceable possession of the lands and tenements recovered. * * * In no case is the execution of the writ complete until the officer quits the premises, leaving the plaintiff in quiet possession thereof, with all persons holding in hostility to him removed therefrom. The plaintiff is also entitled to be placed in the possession of all fixtures and improvements attached to the premises, and to all crops growing or standing thereon."

It will be observed by these authorities that the law contemplates that the sheriff shall use such force as may be necessary to put the plaintiff in possession of the property in cases where the defendant resists the quiet and peaceable possession of the plaintiff, after judgment in the case.

If the defendant in ejectment quietly submits to the judgment of the court, and offers no resistance to the plaintiff's taking possession, and removes therefrom with all his personal property, there is no occasion for a writ of possession either under our statute or under the common law.

In 7th Am. & Eng. Ency. of Law, page 151, this language is used: "The writ of *habere facias possessionem,* is executed by delivering to the plaintiff full and actual possession of the premises recovered. The defendant and his goods, and all persons claiming under him may and should, if necessary, be removed by the officer, so that the plaintiff may have full and peaceable possession".

These authorities clearly show that all the sheriff is required to do under a writ of possession, is to remove the defendant and his personal property from the real estate recovered in ejectment, or in such case as to which the writ pertains.

In the language of Freeman quoted above, "the plaintiff is also entitled to be placed in possession of all fixtures and improvements attached to the premises". This clearly contemplates that the sheriff simply puts the plaintiff in possession of the property and real estate as he finds it.

I am of the opinion that when the defendant McGuire recovered in the action of ejectment against the plaintiff in this case, he recovered the land with all the improvements thereon. He now has the right to use said wall which stands upon his land as though it were his own. I am of the opinion that he has a right to cut into said wall if he sees fit to the depth that his land extends under said wall, and that he may use said wall in such manner as he sees fit, providing however he does not injure the plaintiff's portion thereof.

I do know of no law and have been cited to no cases which would require the sheriff to remove said wall from the land whereon it stands. If the plaintiff in this action had built an entire building upon said defendant McGuire's land, I know of no law that would require the sheriff to remove said entire building from said land. All the sheriff would be required to do in such case would be to remove the defendant in ejectment from the building and land which was recovered in ejectment. If the sheriff would not be required to remove the entire building from the land recovered in ejectment, why should he be required to remove a portion of a building from land recovered in such action?

Suppose the defendant in ejectment had erected a brick house or other building upon

the plaintiff's land, and after a recovery by the plaintiff in the case, a writ of possession was issued to the sheriff. The theory contended for in this case by the defendant McGuire would require the sheriff to remove said brick house or building from said premises, if the plaintiff in the case demanded such removal. The mere announcement of such theory is the best and most potent argument against the claim made by the defendant McGuire in this case. All the sheriff would be required to do in such case, would be to put the plaintiff into the peaceable possession of said property with all the fixtures and improvements thereon, removing if necessary the defendant and his chattel property from said real estate as he then found.

In my opinion therefore all the sheriff was required to do in this case under the writ of possession which was issued to him in the ejectment case, was to put the defendant Mc-Guire into the peaceable possession of the property and real estate recovered in ejectment, in the condition in which he found it

I have been cited to the case of Falvey v. Elliott, 22nd Albany Law Journal, page 756 In that case a sheriff had cut down all that portion of the wall of a building which stood on the plaintiff's land, except such portion as was opposite the plaintiff's building, and then returned the writ, stating the facts in that case. It is said that the court held that the sheriff had done all in his power to deliver possession of the property and the return was true.

I have not been able to find and examine that case, but from the extract which has been furnished me by counsel for the defendant in this case, I am satisfied that it has no application to the case at bar. The extract which has been furnished me simply shows that the court held that the sheriff had done all in his power to do; but the case does not hold as shown by the extract, that the sheriff was even required to do what he had done.

The petition in this case will therefore be dismissed at the costs of the plaintiff.

E. G. Gholson and Q. A. Gillmore, for plaintiffs. Johnson & Leonard, for defendants