Sidney Kusworm, Dayton, for plaintiff.
Marshall & Marshall, Xenia, for defendant.

## STATE ex AMERICAN LOAN AND REALTY CO v SMITH et, Etc

Ohio Appeals, 2nd Dist, Greene Co

No 396.  Decided Nov 16, 1933

## OPINION

By BARNES, J.

The answer contains no general or special denial and therefore all allegations of the petition are admitted to be true. The sole and only question for determination is whether or not the Municipal Court is warranted in refusing to issue the writ by reason of the fact that the Common Pleas Court of Greene County has issued the temporary injunction against the relator. The evidence discloses that the action in the Common Pleas Court wherein the temporary injunction was issued was against the relators alone. None of the defendants in this mandatory action were parties to the action in the Common Pleas Court. The injunctive order issued by the Common Pleas Court does not say that the Municipal Court should not proceed with the orderly processes with the cause then adjudicated in said court. The injunctive order is directed wholly and solely against the relator.

By no process of reasoning can the injunctive order be construed to void or suspend the judgment of the Municipal Court. According to the pleadings and the evidence, the case in the Municipal Court had proceeded to a final determination. The defendants therein were regularly served and thereby had their day in court. According to the provisions of §10460 GC the duty rests upon the court when the judgment of restitution is entered upon request of the complainant to issue a writ of restitution.

Under the state of the record, it being shown that final judgment was rendered in the Municipal Court, the remaining duties upon the part of the three defendants are purely ministerial and they and each of them are required under the law to perform their respective duties in order. So far as the defendants H. A. Higgins as clerk and Peter Shagain as bailiff are concerned no claim is made that they are refusing to perform their statutory duties, but on the contrary it is shown that their failure is wholly. due to the fact that the Honorable E. D. Smith as judge of the Municipal Court has not caused the writ to be issued.

It is our conclusion that the plaintiff is entitled to relief as prayed for. Exceptions will be allowed to the defendants. Costs will be adjudged against the Honorable E. D. Smith. Entry may be drawn in accordance with the above determination.

HORNBECK, PJ, and KUNKLE, J, concur.