CONGREGATION ANSHE SEFARD OF KEAP STREET, INC., Appellant, *v.* TITLE GUARANTEE & TRUST COMPANY, Respondent.

Argued April 21, 1943; decided July 20, 1943.

*Maurice Millimet* and *Samuel J. Nachwalter* for appellant. Plaintiff's proof established a *prima facie* case for the conversion of its personal property by the defendant. (*Reich* v. *Cochran,* 114 App. Div. 141.) Plaintiff's complaint alleged and its proof established that an agreement was made and entered into between the parties and was broken by the defendant. (*Crouse* v. *McVickar,* 207 N. Y. 213; *Rothschild* v. *Title Guarantee & Trust Co.,* 204 N. Y. 458.) The provisions of the final order in the Municipal Court proceeding, with a sixty days' stay of warrant upon the conditions enumerated therein, became the law of the case and bound both parties. (*Stapleton* v. *Hertz Drivurself Stations, Inc.,* 129 Misc. 772; *People ex rel. Jannicky* v. *Warden of City Prison,* 231 App. Div. 131, 255 N. Y. 623; *Crouse* v. *McVickar,* 207 N. Y. 213.) The order of mandamus, directed to the Municipal Court clerk, was not an adjudication against, and is not conclusive upon, this plaintiff. It is not a bar to plaintiff's cause of action. (*Matter of Commercial Casualty Ins. Co.* v. *Tremaine,* 257 App. Div. 536; *Masten* v. *Olcott,* 101 N. Y. 152; *Collins* v. *Hydorn,* 135 N. Y. 320; *Marcus* v. *Village of Mamaroneck,* 283 N. Y. 325; *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 225 U. S. 111; *Rudd* v. *Cornell,* 171 N. Y. 114; *Ashton* v. *City of Rochester,* 133 N. Y. 187; *Brownell* v. *Snyder,* 122 App. Div. 246; *Mandeville* v. *Reynolds,* 68 N. Y. 528; *Johnson* v. *Girdwood,* 143 N. Y. 660; *Mayor* v. *Brady,* 115 N. Y. 599; *Ward* v. *Town of Southfield,* 102 N. Y. 287; *Jasper* v. *Rozinski,* 228 N. Y. 349.) Defendant's application to the Supreme Court for a mandamus order and the issuance and execution of the warrant removing the plaintiff from the premises before the expiration of the agreed upon sixty days' stay and the seizure and retention of plaintiff's personal property clearly constituted an actionable wrong for which plaintiff is entitled to recover the damages it sustained. (*Gutta Percha & Rubber Mfg. Co.* v. *Holman,* 208 N. Y. 583; *Keller* v. *Butler,* 246 N. Y. 249; *Eno* v. *Woodworth,* 4 N. Y. 249; *Pink* v. *Title Guar. & Tr. Co.,* 274 N. Y. 167; *Hemingway* v. *Poucher,* 98 N. Y. 281; *Lurie* v. *New Amsterdam Casualty Co.,* 245 App. Div. 710, 270 N. Y. 379; *McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340; *Rich* v. *N. Y. C. & H. R. R. Co.,* 87 N. Y. 382.)

*C. Elmer Spedick* and *Edward F. Kiernan,* for respondent. The Municipal Court was without power to grant the stay and

mandamus was proper. The mandamus order is not subject to collateral attack in the present action and there is no proof of consent to a stay. (*Arcuri* v. *Arcuri,* 265 N. Y. 358.) The practice followed in connection with the mandamus proceeding is regular and proper, and appellant was not a necessary party thereto. (*Tauszig* v. *Kantor,* 115 Misc. 366; *People ex rel. Kilgallon* v. *Nuhn,* 92 Misc. 312; *Matter of Clementi* v. *Jackson,* 92 N. Y. 591; *People ex rel. Cooper* v. *Registrar of Arrears,* 114 N. Y. 19.)

CONWAY, J. This is an appeal from a judgment of the Appellate Division, Second Department, entered upon a dismissal of the complaint at the close of the plaintiff's case.

The plaintiff had occupied premises on Keap Street in Brooklyn consisting of a synagogue building. The occupation was under a lease from defendant. A summary proceeding was instituted by defendant against the plaintiff because the latter held over after the expiration of the term. We shall disregard all the allegations and proof involving the summary proceeding and a collateral mandamus proceeding which resulted in a direction to the clerk of the Municipal Court to issue a warrant to remove plaintiff from the premises. The mandamus proceeding could not be collaterally attacked in this action. (*Haacke* v. *Marx,* 210 App. Div. 248, affd. 240 N. Y. 568; *Ashton* v. *City of Rochester,* 133 N. Y. 187.)

Disregarding, then, those allegations, the situation, reduced to its simplest terms, is that plaintiff alleges ownership and possession of personal property of considerable value, of a religious character and used in connection with worship in the synagogue, retention thereof and demand therefor.

Proof of those allegations would establish a conversion. (*Lewis* v. *Ocean Navigation & Pier Co.,* 125 N. Y. 341; *Reich* v. *Cochran,* 114 App. Div. 141; *Ide* v. *Finn,* 196 App. Div. 304.)

In *Lewis* v. *Ocean Navigation and Pier Company* (*supra*) the tenant had the right to remove certain buildings after the expiration of his lease. He held over and was evicted through a summary proceeding. He was refused the opportunity to remove the buildings. This court said (p. 352) : '' The officers, who had the execution of the warrant of dispossession, refused to permit the plaintiff to remove the building, and this refusal

was ratified by defendant, and the defendant still claims the right to retain it. The plaintiff again endeavored, after his dispossession, to remove the building, because of his being prevented by the agents of the defendant from removing it at the time he was dispossessed, but he was forbidden by the officers of the defendant from making any such attempt upon pain of instant arrest, and when he still made the attempt he was met and prevented by defendant from effecting the removal. The defendant has thus claimed the property as its own. It has refused to allow the plaintiff or his servants to remove it. The plaintiff was himself removed from the premises against his will by an officer with process, who refused to permit him to remove it. The claim and dominion made and exercised over the property by the defendant amounts to a conversion thereof.''

The rule has also been enunciated in *Reich* v. *Cochran* (114 App. Div. 141) where it was pointed out that the landlord had no right to retain the hotel supplies of the tenant after he had dispossessed him. The court said (pp. 142–143): '' The right to take possession under the writ to dispossess the tenant related, of course, only to the real property, and gave the owner no right to exercise dominion over it or to use or retain the personal property on the premises belonging to the tenant.

\* \* \* \* \* \* \*

'' The goods in question were not abandoned by the tenant. They were not fixtures which belonged to the tenant and which he failed to remove. The doctrine of abandonment applies only to fixtures. (*Lewis* v. *O. N. & P. Co.*, 125 N. Y. 341, 351.) As to ordinary chattels left upon the premises on removal or after eviction, it is the duty of the landlord to notify the tenant to remove them, and in case he does not, to himself cause their removal. (*Roberts* v. *Kain*, 6 Robt. 354.) ''

It is true that where a landlord must expend moneys for the removal of the goods of the tenant he may recover his reasonable expenses, on the theory of implied contract, since it is primarily the duty of the tenant to remove his own property (*Ide* v. *Finn*, 196 App. Div. 304), but that rule even more clearly indicates that retention by the landlord of goods belonging to the tenant upon dispossession of the latter after demand by the tenant constitutes conversion.

Plaintiff made out a *prima facie* case of conversion and the judgment entered upon a dismissal of the complaint should be reversed and a new trial ordered on the issue of conversion only, with costs to appellant to abide the event.

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event. (See 291 N. Y. 669.)

·LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS and DESMOND, JJ., concur.

Judgments reversed, etc.