JOHN CRITELLI et al., Plaintiffs, *v.* JOHN GRISWOLD, Defendant.

Supreme Court, Special Term, Oneida County, June 18, 1946.

*George Kohn* for defendant.

*Jack Danella* for plaintiffs.

MALPASS, J. This is an application for an order removing an action from the City Court of the City of Utica to the Supreme Court. The matter has been brought on by an order to show cause granted by Honorable WILLIAM F. DOWLING, which stayed all proceedings in the City Court of Utica until the decision of this motion. The motion is made by John Griswold, the defendant in the City Court action, upon the ground that the City Court does not have jurisdiction because the amount of damages suffered by the defendant and set forth in the counterclaim in his answer is in excess of $2,000, the jurisdictional limit of the City Court.

The plaintiffs are the owners of certain real property located in the city of Utica, which was occupied by the defendant as a tenant and in which the defendant conducted a restaurant. In December, 1945, the plaintiffs brought a summary proceeding in the City Court to recover possession of the aforesaid premises upon the ground that the term of defendant's tenancy had expired. A final order was made in this summary proceeding awarding possession of the premises to the plaintiffs. Upon appeal to the County Court of Oneida County this order was affirmed and on January 16, 1946, a warrant was issued out of City Court directing the removal of all persons from the real property and delivery of possession of the real property to the plaintiff. The defendant procured an order in County Court staying execution of the warrant pending an application in his behalf to vacate the warrant. Defendant's application was denied on January 29, 1946, and a constable proceeded to execute the warrant of dispossession. It appears that certain items of personal property belonging to the defendant were removed from the premises by truck and placed in storage. The defendant has appealed to the Appellate Division in the summary proceeding but no stay of execution has been had pending decision of the appeal.

The plaintiffs, on March 22, 1946, brought an action in the City Court of Utica to recover from the defendant for the use and occupancy of the real property from December 1, 1945, to January 26, 1946, and damages suffered by plaintiffs because of the expenses incurred by plaintiffs in trucking away from the premises the personal property of the defendant and placing same in storage. The amount claimed by the plaintiffs in their complaint is $421.26. In this action the defendant has interposed an answer setting forth several counterclaims in

which defendant claims improper interference with his business by the plaintiffs from December 1, 1945, to January 26, 1946, while the summary proceeding was pending, and further that the plaintiffs have converted the personal property of the defendant, which was located on the premises and that the plaintiffs unlawfully and maliciously destroyed certain articles of food which belonged to the defendant. The defendant claims he has been damaged as the result of plaintiffs' illegal acts in the sum of $10,300 and he asks an affirmative judgment against the plaintiffs in this amount.

It is conceded that the jurisdiction of the City Court in an action for money damages is $2,000. The defendant in his answer has interposed a counterclaim far in excess of this limitation. The order in the summary proceeding does not prevent the recovery for a conversion of defendant's personal property. The summary proceeding order awarded to the plaintiffs only the possession of the real property. (*Congregation Anshe Sefard* v. *Title Guar. & Tr. Co.,* 291 N. Y. 35.)

The act creating the City Court of Utica provides that an action brought in that court is '' subject to the same power of removal to the supreme court, as is provided in a counterclaim in the county court by section sixty-seven of the civil practice act.'' (L. 1882, ch. 103, as amd. by L. 1934, ch. 62, § 7.) Where the amount demanded in a defendant's counterclaim exceeds the jurisdiction of a County Court, the action may be removed to the Supreme Court. (Civ. Prac. Act, § 67, subd. 3; *Brink's Express Co., Inc.,* v. *Burns,* 230 App. Div. 559.)

The plaintiffs have moved to strike out the various defenses and counterclaims interposed in the answer and for summary judgment against the defendant. This motion should be denied for the reason that there exist questions of fact which can only be resolved by a trial of the issues.

The application of the defendant for an order removing the action from the City Court of Utica to the Supreme Court is granted and the motion of the plaintiffs for summary judgment is denied.