38 N.J. Super. 127 (1955)
118 A.2d 78
FRANK GARGANO AND NICOLINA G. NORWIG, PLAINTIFFS-RESPONDENTS,
v.
JOSEPH VENEZIO AND PAULINE VENEZIO, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 17, 1955.
Decided November 18, 1955.
*129 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Louis J. Venezio argued the cause for the defendants-appellants.
Mr. Eugene A. Liotta argued the cause for the plaintiffs-respondents.
The opinion of the court was delivered by FREUND, J.A.D.
The plaintiff landlords recovered a judgment for possession against the defendant tenants in the Union County District Court, and upon failure to deliver possession a warrant was issued to a constable "to remove all persons from the house and premises * * * and to put (plaintiffs) * * * in full possession thereof * * *." The defendants did not remove their furniture, so the plaintiffs engaged moving men to remove it from the premises and place it in a warehouse. They paid $223.26 for moving and storage charges, the reasonableness of which is not in dispute. This suit was brought to recover the sum so expended by the plaintiffs. The court entered judgment for the plaintiffs, and the defendants appeal.
*130 It appears from the trial court's statement of proceedings, no stenographic transcript having been made, that the "defendants were present and requested and helped the moving men to neatly pack the furniture and place the same on the moving van; the furniture was then brought to Elizabethport Trucking Company's warehouse with the approval and consent" of the defendants "because the apartment that they had rented was not available at the time; it was convenient for them to have the goods stored for a period of several weeks because they would save money and have the landlord pay for the moving and storage of their furniture."
There is no statutory authority for the moving of the goods and chattels of a tenant into storage, nor statutory obligation upon the tenant to pay for or reimburse the landlord for his payment of such charges. N.J.S. 2A:18-57 provides that:
"* * * the court shall issue its warrant to any officer of the court, commanding him to remove all persons from the premises, and to put the claimant into full possession thereof, and to levy and make the costs out of the goods and chattels of the person in possession. * * *"
N.J.S. 2A:18-58 provides that:
"An officer, to whom a warrant is issued by virtue of this article, shall obey the command of and faithfully execute the same, and may, if necessary to the execution thereof, use such force as may be necessary."
The writ entitles the landlord to be invested with full and complete possession of the premises. It is not the duty of the constable to remove the tenant's goods from the premises; he must give the tenant an opportunity to remove his goods, or remove them himself as the agent of the landlord. Union Township in Bergen County, Inhabitants of, to Use of Elliott, v. Bayliss, 40 N.J.L. 60 (Sup. Ct. 1878). If a tenant does not remove his property when required to do so by virtue of a judgment of possession, the landlord may cause its removal in a reasonable manner. Reich v. Cochran, 114 App. Div. 141, 99 N.Y.S. 755 (App. Div. 1906).
*131 In the court's statement it is stipulated that "it has been the rule of the Union County District Court (by precedent) that in the event judgment for possession be entered against any defendant in any landlord and tenant proceedings and a warrant for possession allowed, it was the duty of the landlord to place the goods and wares of the tenant in storage." This stipulation of the parties is without legal basis. We have not been furnished with any written rule of the court and if there were such a rule, it would not have any validity as the rule-making power is vested in the Supreme Court. Winberry v. Salisbury, 5 N.J. 240 (1950).
We infer that when the parties stipulated a "rule" of the court they really meant a custom or practice adopted by the court to prevent the placing of furniture and household effects upon the public street. 18 N.J. Practice (Fulop-Kain, District and Municipal Courts), § 1566, pp. 135 and 136. The liability of a landlord for storage charges of a tenant's furniture depends upon contract. If he places articles in a warehouse he is liable for such charges unless the tenant agrees to pay or has assumed the payment thereof. Lomaschinsky v. April, 2 N.J. Misc. 388 (Sup. Ct. 1924), affirmed 101 N.J.L. 561 (E. & A. 1925).
The precise question appears to be res nova in this State. In dealing with a similar problem the court in Ide v. Finn, 196 App. Div. 304, 187 N.Y.S. 202, 207 and 208 (App. Div. 1921), said:
"With respect to these points of law there is a dearth of statutory or judicial authority, * * *. It seems quite clear that the warrant, which requires, not only that the tenant shall be removed, but that the landlord shall be put into full possession of the premises, authorizes and requires the marshal to remove the property of the tenants; * * *. If the landlord had relieved the marshal from the duty to remove the property in question and had accepted possession with the property of the tenant still on the premises, he would have been warranted in removing and storing it, and could have recovered of the tenants the reasonable cost thereof, on the theory of an implied contract, for it was primarily the duty of the tenants to remove their own property."
To the same effect see Congregation Anshe Sefard of Keap Street v. Title Guaranty & Trust Co., 291 N.Y. 35, 50 N.E.2d *132 534, 148 A.L.R. 647 (Ct. App. 1943), and 1 McAdam, Landlord and Tenant (5th ed.), § 36, p. 122 and 123.
In the instant matter, the tenants had knowledge that they were to be dispossessed and that a warrant for possession had been issued. Moreover, they participated in the packing, removal and storage of their property, the trial court finding as a fact that their furniture was moved to the warehouse with their approval and consent.
Under such circumstances the basis of liability for the charges could more correctly have been imposed on the theory of quasi contract  the unjust enrichment of the tenant  rather than on the theory of implied contract, which the court applied. However, from a practical aspect, the distinction is immaterial.
On oral argument, the defendants agreed that the item of $27 for use and occupancy of the demised premises to the date of dispossession was admittedly due to the plaintiffs.
The judgment in the amount of $223.26 in favor of the plaintiffs for the moving and storage charges is affirmed, without costs.