■ FLORENCE SURKS et al., Appellants, v. KENMARE STORAGE & MOVING Co. et al., Respondents.— In an action to enjoin the sale of certain chattels, plaintiffs appeal from an order of the Supreme Court, Kings County, dated September 8, 1971, which (1) denied their motion to vacate a notice of sale and for a preliminary injunction and (2) vacated a temporary stay of the sale. Order reversed, without costs, and motion remitted to the Special Term for a hearing in conformity with the views herein set forth and for a new determination. The stay contained in the order to show cause of Special Term dated May 5, 1971 is to continue in force and effect pending such hearing and determination. In a prior action, for foreclosure of a mortgage on real property, one of the two present defendants, Tallen Co., Inc., as plaintiff in that action, obtained title to the real property. In the premises were certain heavy, but movable, machinery and certain office supplies owned by plaintiffs. Tallen thereafter asserted a lien for storage charges on these chattels and sought to sell them. Special Term restrained the sale, in the foreclosure action, holding that Tallen, as owner of the building, had no lien upon plaintiffs' personal property, noting in its decision that Tallen was "not a warehouseman or a bailee for hire who might be entitled to a lien under Article 7 of the Uniform Commercial Code." Tallen thereafter entered into an arrangement with defendant Kenmare Storage & Moving Co., Inc. (the exact nature of which cannot be determined on the basis of the conflicting affidavits submitted on behalf of Tallen and Kenmare). By means of this agreement Kenmare has asserted a warehouseman's lien for storage charges upon plaintiffs' property even though the bulk of that property has apparently not been removed from its present location. It appears that the principals of Kenmare are also principals of a company which buys and sells machinery of the type owned by plaintiffs. In our opinion, it was error to deny plaintiffs' motion without holding a hearing as to the serious factual issues raised by the papers. The prime issue raised is whether Tallen has in fact surrendered custody and control of plaintiffs' property to Kenmare or whether such purported transfer of custody and control is merely illusory and a device to circumvent the above-mentioned prior order of Special Term in the foreclosure action. In the usual situation in which chattels are left upon a landlord's premises after a tenant has vacated or after eviction, "it is the duty of the landlord to notify the tenant to remove them, and in case he does not, to himself cause their removal" (*Congregation Anshe Sefard* v. *Title Guar. & Trust Co.,* 291 N. Y. 35, 39; *Reich* v. *Cochran,* 114 App. Div. 141, 143; see, also, *Roberts* v. *Kain,* 6 Robt. 354). Here, however, there has been a departure from usual procedure in that the warehouseman has allegedly been given control of the building in which the chattels are stored and has not removed them to his own warehouse. This departure casts a heavy burden upon the defendants to establish that the transaction is a bona fide one and is not merely a ruse by means of which Tallen can charge excessive rent to plaintiffs through Kenmare in the guise of "storage charges". Among the factors to be considered in testing the *bona fides* of the transaction are whether Kenmare has leased the building; the duration of the lease; whether Kenmare pays rent to Tallen; whether Kenmare exercises actual control over the chattels located in the building; and whether Kenmare stores property belonging to others in the building, as well as any other factors which may bear upon the

resolution of this issue. Should Special Term conclude that Kenmare is in fact exercising custody and control over plaintiffs' property, it must then determine the remaining issues on the motion. The record before us is inconclusive as to whether Kenmare properly obtained a lien upon the chattels through the issuance of warehouse receipts (Uniform Commercial Code, § 7-209, subd. [1]; § 1-201, subd. [45]), whether Kenmare actually served plaintiffs with the original notice requiring payment of charges and removal of the chattels from the premises (Uniform Commercial Code, § 7-206, sub. [1]) and whether the claimed storage charges were reasonable and proper. Latham, Acting P. J., Shapiro, Gulotta and Christ, JJ., concur.