IN RE WHITING BUSINESS COLLEGE, INC., BANKRUPT.

(No. B74-1901—Decided October 29, 1974.)

United States District Court, Northern District of Ohio, Eastern Division.

*Messrs. Jones, Day, Cockley & Reavis* and *Mr. Irving Berger*, for applicant.

*Messrs. Spieth, Bell, McCurdy & Newell* and *Mr. Lawrence I. Byrnes*, for respondent.

PATCHAN, Bankruptcy Judge. This is a proceeding brought by United National Corporation (United) prin-

cipally to request the removal of the receiver from his occupation of the premises of the bankrupt. United is the landlord of the premises. It asserts only a judgment it obtained in a state court prior to bankruptcy on a proceeding in forcible entry and detainer. United maintains solely that because of that judgment the receiver, and now the trustee, is to be ordered to forthwith turn over the premises to United.

United also asks within its application for payment for the use and occupancy of the premises by the receiver. No reference was made to this aspect of the application at this hearing by the counsel and no evidence presented.

Upon the evidence presented to the court in respect to the matter of removal of the receiver, the court makes the following:

### Findings of Fact

The bankrupt filed its voluntary petition in bankruptcy on October 2, 1974 and was adjudicated a bankrupt on that date. Promptly after the filing and adjudication, upon application of a creditor of the bankrupt, a receiver was appointed by the Court to take charge of the property of the bankrupt, which he did. Since the filing of United's application, a trustee has been appointed and is now substituted for the receiver.

At bankruptcy, bankrupt was in possession of the premises from which it theretofore operated its business. The premises occupies approximately 16,000 square feet of space on portions of three floors of a downtown office building. Within these premises was and is a substantial quantity of equipment, furnishings, and supplies, formerly the property of the bankrupt, now belonging to the estate.

The receiver obtained actual possession of the premises directly from the bankrupt. The bankrupt's possession was uninterrupted until the taking of possession by the receiver. The receiver and now the trustee have had and retained continuous possession of the premises since bankruptcy.

Prior to the filing of the bankruptcy, United, as landlord of the premises, brought suit in the Cleveland Muni-

cipal Court against the now bankrupt. Suit was in forcible entry and detainer and for rents. The rents claimed comprised rents due at the date of filing of suit and rents to be due from filing of suit until vacation of the premises. The rent was computed upon terms of a defaulted lease bankrupt has with United.

On September 16, 1974, prior to bankruptcy, United obtained a default judgment against the now bankrupt. The judgment was a general judgment in United's favor directed solely to the count in forcible entry and detainer in United's case.

Restitution of the premises was not specified or particularly ordered within the judgment entry.

By the evidence presented to this Court of the record of the proceeding in the Cleveland Municipal Court, being the docket of the Cleveland Municipal Court in Case No. B92124 (the forcible detainer and rent suit brought by *United* v. *Whiting Business College, Inc.*), the judgment entry dated September 16, 1974, executed by Judge Clarence Gaines of the Cleveland Municipal Court and, by the affidavit of counsel for United, no writ of execution was issued. No seizure of the premises was made before bankruptcy as a result of the Municipal Court judgment.

The receiver's and now the trustee's occupancy of the premises has not interfered and does not interfere with access to or from the building or the tenants who occupy the building.

The occupancy by the receiver, and now the trustee, is for a temporary period only. Vacation of premises by the estate will occur, if unhindered, in the next week or ten days. The bankrupt's rights under the lease are not considered a vendable item or asset of the estate by the trustee.

The receiver's, and now the trustee's, occupancy of the premises is necessary in the interests of this estate and for the protection of property of the estate.

United is suffering no injury or loss whatsoever by the receiver's, and now the trustee's, occupancy of the premises. United can expect reasonable payment from the estate for the use and occupancy of the premises.

This case is in the earliest stages of administration and present loss of occupancy of premises would cause loss to the estate.

*Memorandum-Opinion*

The issues here revolve around the effect to be given United's judgment in forcible entry and detainer.

A proceeding in forcible entry and detainer in Ohio is wholly a creature of the statute. R. C. 1923.01 *et seq*. The attendant procedure is also a matter of statutory regulation. The basis of the action is the right to present possession, the sole issue in the case. *Harrison* v. *Webb* (1951), 62 Ohio Law Abs. 273; *Price* v. *Insande* (1923), 20 Ohio App. 19.

Such judgments in Ohio do not have effect upon property merely by entry upon the docket of the court. The issuance of an execution followed by seizure by the court's officer is required in order to fulfill the proceeding. R. C. 1923.13 and 1923.14.

Further, execution was necessary before bankruptcy to vitalize United's judgment.

R. C. 1923.13 provides specifically the form and content of the execution. It also provides that it is to be issued by the Judge "at the request of the plaintiff, his agent, or attorney." Without the writ to trigger action by the court's officer and without the execution of the writ by the court's officer, there is no enforcement of the judgment. *State, ex rel. American Loan & Co.,* v. *Smith* (1933), 15 Ohio Law Abs. 538.

Here, no such writ was ever issued. Accordingly, no officer of the court has acted upon the judgment previously entered by the state court.

Bankruptcy has now intervened. As execution was not issued, the judgment has no force upon the receiver, or now the trustee, in this bankruptcy case.

The judgment obtained by United is only a prelude to the right to do something about it. It is made meaningful only if and when an execution is issued. In this instance, nothing was done and no effort taken to seek enforcement through the courts until the filing of this application.

Counsel for United has urged upon this Court that

the issue which underlies the judgment is right of possession. He contends, as that issue has been concluded by the state court prior to bankruptcy, that this Court must honor that determination.

The Ohio statute specifies the only persons eligible to be parties to forcible entry and detainer actions. R. C. 1923.02. The finding of right of possession apparently is to be determined only as to the respective interests of the particular parties to the suit. *P. B. Realty Co.* v. *Wallace,* 54 Ohio Law Abs. 54, 55. Obviously, it would also apply to anyone holding through the defendant against whom judgment was entered.

But the receiver, and now the trustee, do not hold possession of the premises merely through the bankrupt. They do not stand merely in the shoes of the bankrupt. They were neither the purchasers nor transferees from the bankrupt nor are they the bankrupt's assignee of the lease. They hold, as a result of the court order, which antedates any effort of enforcement of the judgment. They hold ultimately for the benefit of creditors to the estate, pursuant to the purposes of the bankruptcy administration under the Act.

The state court found as between the plaintiff, United, and the defendant, Whiting, the now bankrupt, United had right of possession. It adjudicated solely the issue of possession as between those two parties.

The issue before the state court that of the relative rights of possession of United and Whiting is not at issue at this hearing.

The result of the state court decision having found right of possession in the premises in the landlord is simply that there is no interest in the premises which can be disposed of by this estate as an asset of the estate. It is not being offered for sale by the trustee.

United cites in sole support of its application the case of *In re Smith* (D. C. Ill., 1934), 7 F. Supp. 863. The thrust of that judgment is that a judgment obtained in state court in forcible entry and detainer is *res judicata* of the rights of the parties. A bankruptcy court cannot, subsequent to the state court judgment, order restraint of such judgment.

Apparently, Smith had sought an order of the bank-

ruptcy court to stay the judgment of the state court.

The application now before this court and under consideration, however, is not for the stay of the judgment of the state court. The converse is sought—to have the Bankruptcy Court effectuate a state court's judgment.

The application seeks to cause the bankruptcy court to be the executing arm for the state court judgment although no effort was made in that regard in the state court prior to bankruptcy.

In the *Smith* case, *supra*, it does seem that the landlord had fully availed himself of process under state law prior to the bankruptcy. This was not accomplished in this case now before the Court.

It is to be noted that *In re Smith, supra,* was a case under Section 75 of the Act, which section was then in force.* It was designed for farmer rehabilitation by composition or extension of their debts, similar to present chapter cases under the Act.

Commonly the debtor's plan in a rehabilitative case calls for the use and occupation of property and premises during the administration of the plan. This use and occupation may cover an extended period.

This *Whiting* case before the court is not a rehabilitation case but a liquidating bankruptcy. There is no extended period to consider, only a matter of days that trustee seeks for continued occupation.

Further, the landlord has present expectation of payment for the use and occupancy and is suffering no loss.

Applicant's counsel has raised the spectre of conflict between the state and federal courts in this matter. The rule that the court first obtaining jurisdiction over the res retains it is a basic rule to test jurisdiction. 5 Remington on Bankruptcy, 5th Ed., Sec. 2047. See extensive annotation.

This Court first acquired jurisdiction over the premises. The Bankruptcy Court obtained possession of the premises at the time the receiver seized the premises. *Thompson* v. *Magnolia Petroleum* (1940), 309 U. S. 478; *Trailmobile* v. *Wiseman* (C. C. A. 6, 1957), 244 F. 2d 76. The receiver

---

*Section 75, Act ceased having effect and became inapplicable on March 1, 1949.

seized the premises in accordance with his duty and his purpose under Rule 201(a)(1) of the Rules of Bankruptcy Procedure. The property from that moment was and is in the custody of this Court, under the possession now of a trustee in bankruptcy whose rights relate back to the filing of the bankruptcy petition.

To rule in support of United's application would result in interference with administration of the estate in these early stages and early days of administration. It would frustrate the fundamental purposes of the Bankruptcy Act: "to avert the evils of [piecemeal] liquidation." *Adair* v. *Bank of America National Trust and Savings Association* (1938), 303 U. S. 350, 354; and "to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period." *Katchen* v. *Landy* (1966), 382 U. S. 323, 328, citing *ex parte Christy*, 3 How. 292, 312.

### Conclusions of Law

(1) The premises, subject of the application, is in the custody of this Court.

(2) The receiver, and now the trustee, occupy the premises of the bankrupt under authority of the Court.

(3) In Ohio, a general judgment in forcible entry and detainer has effect only after the issuance of a writ of execution and the enforcement of the writ by an officer of Court.

(4) The unexecuted judgment obtained by United in the state court prior to bankruptcy has no effect upon the occupation of bankrupt's premises by the receiver, and now the trustee.

Order is to issue denying United's application "for order directing receiver to cease forcible detention" to the extent that it requests the receiver, and now the trustee, to vacate the premises. To the extent that the applicaion requests payment for use and occupancy of the premises, that portion will be set for hearing before the Court for determination of the reasonable amount due for use and occupation of the premises by the estate promptly after vacation of the premises by the estate. Notice of the hearing will be given by this Court.

Settle Order in accordance with Rule 5(b) of the Rules of this District Court.