THE STATE, EX REL. MARSOL APARTMENT COMPANY ET AL., *v.* VANNUCI ET AL.

(No. 41963—Decided May 22, 1980.)

*Ms. Patricia S. Kleri* and *Ms. Rita B. Whatley,* for relators.

*Mr. James N. Walters, III,* for respondents.

JACKSON, P. J.,   Relators are the owner and manager of an apartment building in Berea, Ohio. Respondents are the judge and bailiffs of the Berea Municipal Court.

The relators instituted and prevailed in an action in forcible entry and detainer against a tenant; they were thus entitled to recover possession of the premises from the tenant. At the request of the relators the Berea Municipal Court issued a writ of restitution ordering its bailiff to remove the tenant from the premises and to "levy on the goods and chattels" of the tenant. The bailiff served the writ by posting it on the door of the apartment. The tenant vacated the apartment, but her furniture and other possessions remained in the apartment.[1] The relators then requested the court to issue an alias writ of restitution ordering the bailiffs to remove the personal property of the tenant from the apartment. The court granted the

---

[1] Relators state that the tenant disappeared long before the bailiff served the writ of restitution.

writ but refused to order the bailiff to remove the personal property of the tenant, and the bailiff also refused to remove the property.

The relators now seek a writ of mandamus to compel the trial court to order its bailiffs to cause the removal of the tenant's personal property from the premises. In their brief in opposition, the respondents assert that the court has no clear legal duty to effect the removal of a tenant's goods pursuant to a writ of restitution.

R. C. Chapter 1923 provides for actions in forcible entry and detainer. R. C. 1923.01 provides in part:

"As provided in sections 1923.01 to 1923.14, inclusive, of the Revised Code, any judge of a county court, within his proper area of jurisdiction, may inquire about persons who make unlawful and forcible entry into lands and tenements and detain them, as well as about persons who have a lawful and peaceable entry into lands and tenements and hold them unlawfully and by force. If upon such inquiry it is found that an unlawful and forcible entry has been made, and that the lands or tenements are held by force, or that after a lawful entry they are held unlawfully, then such judge shall cause the party complaining to have restitution thereof."

R. C. 1923.13 and 1923.14 prescribe the form of the writ of restitution and impose upon the sheriff or constable the duty of enforcement:

"When a judgment of restitution is entered by a judge of a county court in an action under sections 1923.01 to 1923.14, inclusive, of the Revised Code, at the request of the plaintiff, his agent, or attorney, such judge shall issue a writ of execution thereon, in the following form, as near as practicable:

"The state of Ohio, . . . . . . . . . . county:

"To any constable of . . . . . . . . . . township; or

"To the sheriff of . . . . . . . . . . county:

"Whereas, in a certain action for the forcible entry and detention (or the forcible detention, as the case may be), of the following described premises, to wit: . . . . . . . . . . , lately tried before me, wherein . . . . . . . . . . was plaintiff, and . . . . . . . . . . was defendant . . . . . . . . . . judgment was rendered on the . . . . . . . . . . day of . . . . . . . . . ., A.D. . . . . . . . . . ., that the plaintiff have restitution of said premises; and also that he recover costs in the sum of

. . . . . . . . . You therefore are hereby commanded to cause the defendant to be forthwith removed from said premises, and the said plaintiff to have restitution of the same; also, that you levy of the goods and chattels of the said defendant, and make the costs aforesaid, and all accruing costs, and of this writ make legal service and due return.

"Witness my hand, this . . . . . . . . . . day of . . . . . . . . . ., A.D. . . . . . . . . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . .
"Judge, County Court"
R. C. 1923.13.

"Within ten days after receiving the writ of execution described in section 1923.13 of the Revised Code, the sheriff, bailiff, or constable shall execute it by restoring the plaintiff to the possession of the premises, and shall levy and collect the costs and make return, as upon other executions. * * * " R. C. 1923.14.

Other courts have held that the duty to issue and carry out a lawful order of restitution is ministerial in nature, and is, therefore, subject to a writ of mandamus. *State, ex rel. American Loan & Realty Co.,* v. *Smith* (Ct. of Appeals for Greene Co., 1933), 15 Ohio Law Abs. 538; *Smith* v. *MacKenzie* (Ct. of Common Pleas of Hamilton Co., 1946), 34 Ohio Opinions 185.

The issue confronting this court in the case at bar is whether the right to restitution of the premises includes the right to have the property of the unlawful possessor removed from the premises pursuant to court order.

We hold that, under Ohio law, where a party prevails in an action for forcible entry and detainer, it is the clear legal duty of the bailiff to remove defendant's (tenant's) *possessions* as well as his *person* from the premises after the writ of restitution has been issued by the court in order to effect the restitution of the premises to the lawful owner. See *Kuebler Brewing Co.* v. *McGuire* (Ct. of Common Pleas of Lorain Co., 1901), 8 Ohio N.P. 300. In *Kuebler* the court held that the sheriff was required to remove the person and the chattels of the defendant in ejectment from the premises, but that the sheriff was not required to remove a brick wall that the defendant in ejectment had erected:

"Freeman in his valuable work on executions at section

473, says 'The power and authority of an officer in executing a writ of possession are ample for the accomplishment of everything requisite to a lawful enforcement of the writ. He may summon all the power of the county to his aid. He may remove all persons whose rights are subject to the writ, *together with their property found on the premises,* and may exercise all the force required to overcome such opposition as may be made to such removal.\* \* \*'

"\* \* \*

"In 7th Am. & Eng. Ency. of Law, page 151, this language is used: 'The writ of *habere facias possessionem,* is executed by delivering to the plaintiff full and actual possession of the premises recovered. The defendant *and his goods,* and all persons claiming under him may and should, if necessary, be removed by the officer, so that the plaintiff may have full and peaceable possession.'

"These authorities clearly show that all the sheriff is required to do under a writ of possession, is to remove the defendant *and his personal property* from the real estate recovered in ejectment, or in such case as to which the writ pertains." (Emphasis added). *Id.,* at 302.

The law of other jurisdictions is in accord. The courts of the state of New York recognize that removal of a tenant's personal property is necessary to restore full possession of the premises to the lawful owner:

"The City Marshals are court officers who are obliged to obey the lawful orders of the court. They must perform their mandated ministerial duties without the exercise of discretion. Hence, insofar as the present petition is concerned, it is apparent that the respondent Marshal must be directed to execute the warrant (*Feist* v. *Schwartz,* N.Y.L.J., July 11, 1967, p. 10, col. 2). *The warrant requires the Marshal to remove the tenant and put the landlord in full possession. The only practical way in which this can be accomplished is to remove the tenant's possessions* to the most convenient and practical location of the premises which is the sidewalk immediately adjacent to the building.\* \* \*" (Emphasis added.) *In re 667 East 187th St. Corp.* v. *Lindsay* (1967), 54 N.Y. Misc. 2d 632, 634, 283 N.Y. Supp. 2d 199, 202.

In a Massachusetts case, the court ruled that it was improper for a constable, armed with a writ of execution for

possession, to remove only *some* of a tenant's possessions; it is his duty to remove *all* of the tenant's personal property from the premises:

"It was the duty of the constable, once the execution was placed in his hands, to remove all the plaintiff's possessions, to sell in the statutory manner (fourteen days after seizure) such of them as were necessary to satisfy the execution, and to make all the rest of the plaintiff's possessions available to her.***" *Koonce* v. *Aldo Realty Trust* (Mass. App. 1979), 392 N.E. 2d 549, 551.

The modern trend of the law is to discourage "self-help" in forcible entry and detainer actions, and to encourage resort to judicial process. Under English law, it was well settled that a landlord could use reasonable force to evict a tenant without resort to legal process.[2] Ohio courts adhered to this rule until 1971, when Judge Rocker of the Shaker Heights Municipal Court ruled that a landlord seeking to dispossess a residential tenant may not summarily lock the tenant out, but must bring an action in forcible entry and detainer. *Edwards* v. *Investment Co.* (1971), 27 Ohio Misc. 57. In 1974, the Ohio Legislature enacted this proposition into law:

"No landlord of residential premises shall initiate any act, including termination of utilities or services, exclusion from the premises, or threat of any unlawful act, against a tenant, or a tenant whose right to possession has terminated, for the purpose of recovering possession of residential premises, other than as provided in Chapters 1923, 5303, and 5321 of the Revised Code." R. C. 5321.15(A).

The legislature also provided that a landlord may not detain the personal property of the tenant to cover rent owed:

"No landlord of residential premises shall seize the furnishings or possessions of a tenant, or of a tenant whose right to possession has terminated, for the purpose of recovering rent payments, other than in accordance with an order issued by a court of competent jurisdiction." R. C. 5321.15(B).

The apparent intent of the General Assembly in the enactment of R. C. 5321.15 was to minimize the hardship and breaches of the peace which frequently accompany dispossessions carried out by private parties. Moreover, we find nothing in the provisions of this section which indicates that the

[2] See Annotation 6 A.L.R. 3d 177, 182.

legislature intended to eliminate the duty of the court to order its bailiff to remove the personal property of a tenant in carrying out a writ of restitution.

The respondents persuasively argue that the city of Berea should not be required to pay for the removal of the tenant's belongings. The cost of such removal would be borne by the taxpayers, but the benefit would accrue to the landlord. We agree with this contention of the respondents.

If the landlord fails to furnish the bailiff with the manpower to effectuate the actual removal of the property from the premises, we hold that the court may initially impose on the landlord the expense of removing the tenant's possessions. This expense should, however, ultimately be assessed against the tenant, either as court costs or in the form of a supplemental judgment for damages in favor of the landlord.[3] We also hold that the landlord may not be charged for the cost of storing the property since his responsibility for the property ends when the property is lawfully removed from his premises. *In re 667 East 187th St. Corp.* v. *Lindsay* (1967), 54 N.Y. Misc. 2d 632, 634, 283 N.Y. Supp. 2d 199, 202.

The respondents also point out that some landlords may prefer to take personal responsibility for removing a tenant's belongings. Since this case is before us on a petition for mandamus rather than as an action for declaratory judgment, we do not reach the question of the landlord's duties and potential liabilities if he chooses to personally remove the tenant's possessions.

Accordingly, the petition by relators for a writ of mandamus is granted.

*Writ allowed.*

PATTON and CORRIGAN, JJ., concur.

---

[3] It is the duty of a tenant to remove his belongings from the premises when the lease is terminated. *Pugh* v. *Hassell* (1952), 206 Okla. 290, 291, 242 P. 2d 701, 702. If the tenant fails to do so, the landlord may remove the goods in a reasonable manner. *Gargano* v. *Venezio* (1955), 38 N.J. Super. 127, 130, 118 A. 2d 78, 79. The landlord may recover from the tenant the cost of removing and storing the property. *Congregation Anshe Sefard of Keap St.* v. *Title Guarantee & Trust Co.* (1943), 291 N.Y. 35, 50 N.E. 2d 534; *Bruce* v. *Harvard Trust Co.* (1973), 1 Mass. App. 373, 298 N.E. 2d 880.