*Judge Wright
delivered the opinion of the court:
Nothing is particularly said in the argument upon the first reason assigned for a new trial, and I will pass at once to the consideration of the other two.
As to the mandate and levy, the law was given to the jury in substance as the defendant’s counsel now urges. On review, we *422 see no error in saying to the jury, under all the circumstances, that they might, if they believed that the mandate issued and the levy was made, presume those facts without record evidence.
We have now laid before us the mandate itself, which shows that fact to have been rightly presumed by the jury. We have also copies of the order of the Supreme Court, of December term, 1822, for mandates, and of the entry by the common pleas authorizing the clerk to issue execution in cases sent down from the Supreme Court.
The general order of the Supreme Court is convenient in practice. It would be correct for the clerk, in making up the complete record, to attach to each case from this general entry a particular order to remand to the court of common pleas for execution. That was omitted in the ease before us, but does that vitiate the judgment and mandate? No one will pretend it. The inquiry is, was a mandate issued? If the response to that be affirmative, the law in that respect has been complied with..
It is objected that the transcript, if received, is without a mandate, the law requiring an order to “award execution,” and this mandate is “to carry said judgment into effect.” We do not see how the judgment could be carried into effect without execution, as that was the only writ to coerce satisfaction of it.
It is further urged that the order of the court of common pleas is of no avail, because of its generality; that it can not be construed into an award of execution on this judgment. We agree .that it would be better practice for the clerk of the common pleas to make a special entry in each ease, stating briefly she title of the case, date, and amount of the judgment and mandate, and subjoin an order to issue execution thereon. Such an entry would evidence more care and clerklike precision. But the way this was ■done is the way of doing those things in that court; and are we now to declare all process so issued void ? Certainly not. Courts award execution upon judgments in legal contemplation, when 417] their clerk, who keeps their seal, ^affixes it to the process, ,and issues it on the application of a suitor. When so issued, it is the process of the court or the law, not that of the clerk. It is not usual in making title under execution to seek for an order of the court awarding the writ. The fact of the writ being issued presupposes the order, and renders it useless to produce other proof of its being awarded.
*423 These remarks are made in reference to the orders of the courts and the mandate now exhibited, because they have been discussed. They show that a new trial ought not to be granted for the alleged error of the court, if it existed, because it can do no good. The facts accord with the presumption of the court and jury, and can be proved, if another trial were allowed.
There remains the objection to the charge as it respected the proceedings in chancery. The objection is understood to be that the court thought it incompetent for the defendant to contest the title of Rogers, the source of title common to both. This looks rather more to the rejection of Wallace’s deed than any opinion of the court upon the chancery record. The record was properly admitted, as showing the declaration of the defendants as to the mandate, execution, and levy; and we see no error in the opinion of the court, or in the fact of admitting the evidence.
New trial refused.