498

MIAMI MOTOR SALES, Inc., Plaintiff, v. SINGLETON, Defendant.

Municipal Court, City of Dayton (Civil Division).

No. 2698.

Shaman, Winer & Shulman, Dayton, for plaintiff.
Emanuel Nadlin, Dayton, for defendant.

## OPINION

By JACKSON, J:

The facts in this case show that the plaintiff had a note and a chattel mortgage given to plaintiff by the defendant, and said chattel mortgage was on a 1939 Dodge Tudor Sedan, Motor No. P 107097, Serial No. 904236.

The plaintiff in this case took a judgment on the note, levied execution on said 1939 Dodge automobile for the purpose of satisfying said judgment. The judgment was for $244.50 and the bailiff, having taken said 1939 Dodge automobile on execu-

tion, duly advertised the sale of said 1939 Dodge automobile and, on January 18th, 1950, duly sold said 1939 Dodge automobile to John Singleton, Sr., the defendant herein, for $82.00, and after deducting the costs of this action, applied to the judgment the sum of $48.90.

Thereupon, the plaintiff again levied execution upon said 1939 Dodge automobile, which was owned by the defendant John Singleton, Sr., who had purchased said 1939 Dodge automobile at said Bailiff's sale.

This decision is now on a motion of defendant to dismiss the said second levied execution because the plaintiff had not complied with §8565-3 GC.

It is the opinion of this Court, and it is generally agreed, that the obvious purpose of §8565-3 GC is to stop the so-called sacrifice sales of chattel security, without giving notice of such sale to the mortgagor and giving him a reasonable opportunity to redeem the property that he mortgaged.

It is admitted in this case that the requirements in §8565-3 GC were not carried out by the plaintiff, and the plaintiff claims that §8565-3 GC does not apply to sales on execution after judgment on a promissory note secured by a chattel mortgage, when the goods subjected to execution are the same goods as are carried by the chattel mortgage.

The facts in this case show that the Bailiff of this Court took possession of said 1939 Dodge automobile on December 20th, 1949, and held said 1939 Dodge automobile from Dec. 20th, 1949, to the time of the sale, and that the sale of said automobile was duly advertised. The defendant, on the day the said 1939 Dodge automobile was advertised to be sold, was at the sale before the final bid was obtained, and before the said 1939 Dodge automobile was sold, because the defendant made the final bid and said 1939 Dodge automobile was sold to the defendant.

The Court is of the opinion that the literal requirements (if necessary) to the General Code of Ohio, as to notice by registered mail to the mortgagor at the address given in the mortgage, would not be as effective as was the actual notice this defendant received, and showed that he received said actual notice by being present and buying at public auction said 1939 Dodge automobile at execution sale of said 1939 Dodge automobile.

The defendant, or his agent, failed to take any steps to redeem the property between the date of the levy, December 20th, 1949, and the date of the sale, January 18th, 1950, and the defendant purchased at said sale at public auction, said 1939 Dodge automobile without objection, comment or inquiry,

and bought said 1939 Dodge automobile at the price then and there determined by said auction sale.

The Court is, therefore, of the opinion that the defendant effectively waived any rights that he might have had under §8565-3 GC, and that the defendant is estopped from seeking immunity from a future execution, or other proceedings to enforce the deficiency, by virtue of the failure of the plaintiff in its literal pursuit of the precise methods of giving notice prescribed by the General Code, even if applicable.

The Court is further of the opinion that §8565-3 GC does not apply to the situation described herein. The statute sets forth certain requirements which must be complied with by a chattel mortgagee who repossesses and sells the chattel property carried by his mortgage or precludes him from pursuing or collecting any deficiency remaining after the sale.

In determining the applicability of this statute, the first three words are "Any chattel mortgagee." In other words, the taking out of possession and sale is prohibited by the statute and there must be both a taking out of possession and sale. Therefore, to apply this statute to the situation in question is to say that the taking and the sale were acts of the plaintiff chattel mortgagee, i. e.—that the bailiff was the agent of the plaintiff. This, in the Court's opinion, is not so.

A writ of execution is a written demand to the bailiff, directing him to execute the judgment of the Court. An execution's purpose is to carry into effect, or coerce satisfaction of the judgment of the Court.

Executions are used by the Court in many cases to connote the method by means of which a judgment or a decree of the Court is enforced.

The bailiff is the ministerial office of the Court, not the agent of the plaintiff, in levying execution and selling the property described in the writ.

Black's Law Dictionary, 2nd Ed. page 461.
Bouvier's Law Dictionary, 8th Ed. page No. 1112.
**Kelly v. Vincent, 8 Oh St 415.**
**Earl v. Shoulder, 6 Ohio 409.**

The requirements and procedure to be followed in an execution sale are prescribed by statute and must be rigidly adhered to, if the sale is to be valid. Sec. 11655 GC et seq. To require the bailiff to comply with the provisions of §8565-3 GC, as to the notice to be given the chattel mortgagor, would be both impractical and impossible, and would in effect be a modification of the statutory provisions referred to above, where the chattel property subjected to execution is also

carried by a chattel mortgage held by the plaintiff as mortgagee.

From the above, the Court is of the opinion that the judgment creditor did not take the chattel out of the possession of the judgment debtor by procuring the issuance of a writ of execution, even though this was done by invoking the processes of the Court.

The only serious obstacle in this case is the use of the words in §8565-3 GC, "by seizure or repossession." The Court is of the opinion that the words "seizure or repossession" means seizure or repossession by a mortgagee, it being generally agreed that the obvious purpose of §8565-3 GC, is to stop the sacrifice sales of chattel security, without notice to the chattel mortgagee.

The Court is of the opinion that when, by order of this court, a bailiff of this Court levies an execution, advertises and sells the chattel at public auction as advertised, this sale is not the so-called sacrifice sale, the purpose for which §8565-3 GC was enacted.

As has been previously stated, the purpose of the statute under consideration is to prevent the seizing and selling of property covered by chattel mortgage, by the chattel mortgagee, at a sacrificed price, and without adequate notice to the chattel mortgagor, such sales being usually conducted with no notice to the chattel mortgagor and without judicial action or sanction.

In the situation under consideration here, the statutes cited above regulating execution sales, were complied with, and the notice required thereby was given. Such notice has long been considered adequate to protect the interests of the judgment creditor. It is therefore the opinion of the Court that §8565-3 GC was not intended to apply to the situation under consideration, and that an execution sale is not such a sacrifice sale as the legislature sought to guard against in enacting §8565-3 GC.

It is the opinion of this Court that the bailiff or other officer of the Court would find it impractical or impossible to hold a public auction sale on executions in the usual manner because, under §8565-3 GC, the giving of notice, etc, are all required to be done by the mortgagee by giving notice, etc. to the mortgagor, and there is no requirement that a copy of said notices required in §8565-3 GC be given to the bailiff who is conducting said auction sale. If the bailiff conducting said auction sale is not given any notice of the minimum price set forth in the written notice given by the mortgagee to the mortgagor, how can the bailiff conducting said auction sale

comply with the last sentence of §8565-3 GC, which reads as follows:

"At the time and place mentioned in such notice, the mortgaged property shall be sold to the highest bidder if his bid equals or exceeds the minimum price set forth in the written notice given the mortgagor."

Therefore, the seizure is made by the Bailiff by direct order of the Court, and not by the plaintiff. Sec. 8565-3 GC does not tell us by whom the seizure is made, but the §8565-3 GC gives only duties to be done by the mortgagee, so that said section does not apply to the ministerial officers of the Court because it does not add to or take away any duties of the Court or its ministerial officers.

THEREFORE, the Court will OVERRULE the motion of the defendant.