**In re Daniel Blake MILLER and Nancy Bettina Miller, Debtors.**

**Bankruptcy No. 96–1781–6B7.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

July 17, 1996.

Robert B. Branson, Orlando, FL, for Debtors.

*MEMORANDUM OPINION*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Debtors' Motion for Sanctions against The Associates Financial Services of Florida, Inc. (Doc. 11). Appearing before the Court were Debtor, Nancy Bettina Miller; and Robert Branson, counsel for the Debtors, Daniel Blake Miller and Nancy Bettina Miller.

*FINDINGS OF FACT*

Daniel Blake Miller and Nancy Bettina Miller ("Debtors") filed for relief under Chapter 7 of the Bankruptcy Code on March 25, 1996. 11 U.S.C. § 101 *et seq.* On Schedule F, the Debtors listed The Associates Financial Services of Florida, Inc. ("AFSF") as a creditor holding an unsecured nonpriority claim in the amount of $770.53.

AFSF was placed on actual notice of the Debtors' filing for bankruptcy by the Debtors' counsel and by the Debtors. On March 28, 1996, Nancy Miller received a telephone call from Cindy Russell ("Russell") of AFSF during which Russell stated that further legal action would be taken against the Debtors. In addition, Debtors' counsel received an agreement to reaffirm debt from AFSF dated March 25, 1996. The Debtors' bankruptcy case number was identified on the agreement to reaffirm debt. The placement of the bankruptcy case number is evidence of AFSF's knowledge of the bankruptcy filing. AFSF again contacted the Debtors on April 15, 1996 and informed the Debtors that they should not believe that bankruptcy would protect them.

Counsel for the Debtors prepared and forwarded a letter to AFSF to remind AFSF that the Debtors had filed for bankruptcy on March 25, 1996 and that AFSF had been previously notified of this fact. Counsel further advised AFSF that their actions were a direct violation of the Bankruptcy Court's authority. AFSF was apprised that all future contacts should be made through Debtors' counsel.

On April 16, 1996, AFSF contacted the Debtors at Daniel Miller's place of employment. AFSF informed Daniel Miller's employer that Daniel Miller had filed bankruptcy and threatened Daniel Miller with warnings that bad circumstances would occur as a result of the Debtors filing for bankruptcy.

Debtor's counsel contacted AFSF and advised AFSF that its actions were harming Daniel Miller's job performance and that its actions would result in a Motion for Sanctions filed in this case. AFSF again contacted the Debtors on April 27 and May 6, 1996. The Debtors filed a Motion for Sanctions on May 20, 1996.

AFSF willfully violated the automatic stay. The Court sanctions AFSF $10,000.00 as actual and punitive damages to be paid to the Debtors. In addition, AFSF shall pay $300.00 in attorneys' fees.

*CONCLUSIONS OF LAW*

■ The issue before this Court is whether AFSF's actions in contacting the Debtors directly and threatening the Debtors' with legal action after receiving notice of the Debtors' filing for relief under the Bankruptcy Code amounts to a willful violation of the automatic stay subjecting AFSF to sanctions. Section 362 of the Bankruptcy Code pertaining to the automatic stay provides, in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

. . . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362. Therefore, § 362(a) prohibits AFSF from attempting to collect on its prepetition claim.

 The automatic stay has two purposes. First, the stay is designed to afford the debtor a breathing spell from creditors by "stopping all collection efforts, all harassment, and all foreclosure actions." *Maritime Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1204 (3rd Cir.1991); *Matter of Garofalo's Finer Foods, Inc.,* 186 B.R. 414, 435 (N.D.Ill.1995). Second, the stay protects creditors by preventing certain creditors from attempting to gain an unfair advantage regarding payment of claims. *Maritime Electric,* 959 F.2d at 1194; *Garofalo's Finer Foods,* 186 B.R. at 435.

Section 362(h) provides damages for the willful violation of the automatic stay. This section states the following:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h). The evidence shows that AFSF received notice of the Debtors' bankruptcy by both the Debtors and Debtors' counsel. Notwithstanding receipt of notice, AFSF continued to contact the Debtors directly seeking to collect on their prepetition claim. Although Debtors' counsel reminded AFSF, in a letter, that AFSF had previously been notified of the bankruptcy and that AFSF's actions were in violation of the Bankruptcy Court's authority, AFSF continued to harass and threaten the Debtors.

AFSF's actions constitute an intentional and willful violation of the automatic stay under § 362(h). The Debtors were forced to apply to the Bankruptcy Court in order to compel AFSF to cease harassing the Debtors. The Court determines that AFSF shall be sanctioned $10,000.00 as actual and punitive damages for its willful violation of the automatic stay. Further, AFSF shall pay $300.00 in attorneys' fees.

## JUDGMENT

In conformity with and pursuant to the **Memorandum Opinion** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED, and DECREED** that the Motion for Sanctions is **GRANTED,** (Doc. 11); it is further

**ORDERED, ADJUDGED, and DECREED** that Judgment is entered in favor of the Debtors, Daniel Blake Miller and Nancy Bettina Miller, and that The Associates Financial Services of Florida, Inc. shall pay $10,000.00 to the Debtors as actual and punitive damages pursuant to 11 U.S.C. § 362(h) for The Associates Financial Services of Florida, Inc.'s willful violation of the automatic stay; it is further

**ORDERED, ADJUDGED, and DECREED** that The Associates Financial Services of Florida, Inc. shall pay the sum of $300.00 in attorneys' fees; and it is further

**ORDERED, ADJUDGED, and DECREED** that The Associates Financial Services of Florida, Inc. shall certify compliance with the Court's Judgment.