ULHAQ, Appellee,

v.

**TRAUMA SERVICES GROUP, P.C., Appellant.**

[Cite as *Ulhaq v. Trauma Serv. Group, P.C.* (1996), 114 Ohio App.3d 113.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–950955 and C–960141.

Decided Sept. 18, 1996.

*Reminger & Reminger Co., L.P.A.,* and *Gregory T. Rossi,* for appellee.

*White, Getgey & Meyer Co., L.P.A.,* and *Nicholas E. Bunch,* for appellant.

---

PAINTER, Presiding Judge.

In September 1992, plaintiff-appellee Ata Ulhaq, M.D., and defendant-appellant Trauma Services Group, P.C. ("TSG"), entered a contract in which Ulhaq provided physician services to the emergency room of the Jewish Hospital of Cincinnati. In June 1993, a medical malpractice claim was filed by a patient against Ulhaq for a misdiagnosis while Ulhaq was working at Jewish Hospital under his contract with TSG. Unfortunately, Ulhaq did not have medical malpractice insurance because the insurance that TSG procured for Ulhaq had been cancelled as of August 1992, after the insurer, United Physicians Insurance Retention Group ("UPI"), was placed in receivership in May 1992.

Ulhaq filed a complaint for judgment against TSG declaring that TSG must (1) provide a defense for Ulhaq in the malpractice case, (2) insure Ulhaq for any adverse judgment in the malpractice case, and (3) remit costs incurred in pursuing this declaratory judgment action. After a bench trial, the trial court ruled in favor of Ulhaq, and TSG appealed. Two months later the court awarded attorney fees in the declaratory judgment action, and TSG has also appealed this decision. These appeals have been consolidated in two assignments of error that allege that the trial court erred by (1) granting judgment for Ulhaq, and (2) awarding attorney fees to Ulhaq.

■ The contract contains provisions that obligate both TSG and Ulhaq to obtain malpractice insurance. Section 1.06 of the contract identifies Ulhaq as an independent contractor. In line with the designation of Ulhaq as an independent contractor, Section 2.01 requires Ulhaq to procure and maintain a minimum of $1,000,000 per person and $3,000,000 per incident of malpractice insurance. However, Section 2.02(D) permits TSG to assume the burden of procuring and maintaining Ulhaq's malpractice insurance, and Section 3.09 obligates TSG to provide malpractice insurance for Ulhaq, subject to conditions precedent requiring Ulhaq to provide information, fill out forms correctly, and perform other administrative acts necessary to initially procure the insurance policy. Ulhaq evidently cooperated in the initial application process, as TSG was successful in procuring malpractice insurance for Ulhaq.

■ An agency relationship arises under an express or an implied agreement. *Gardner Plumbing v. Cottrill* (1975), 44 Ohio St.2d 111, 73 O.O.2d 390, 338 N.E.2d 757. In this case, the agency relationship was created by express agreement under Section 3.09 of the contract between Ulhaq and TSG. Section

3.09 is the section that set out how the parties proceeded, and it must be used to determine the responsibilities of each party now that the proverbial "cow has left the barn."

■ TSG accepted responsibility for providing the insurance, and then negligently allowed the policy to lapse without notifying Ulhaq, and without procuring new insurance, when UPI went into receivership. As the trial court correctly found, TSG's failure to provide Ulhaq with malpractice insurance after accepting responsibility for providing coverage breached its duty to Ulhaq. See, *e.g.*, *Michigan Mut. Ins. Co. v. Red Fox Tavern, Inc.* (Aug. 17, 1993), Richland App. No. 92–CA–93, unreported, 1993 WL 360722.

■ While the contract required both parties to obtain insurance, the only ambiguity in the contract is whether TSG's actions on behalf of Ulhaq apparently led him to reasonably believe that his obligation was fulfilled when he met the conditions precedent permitting TSG to obtain a policy from UPI. In this case, any ambiguity created by requiring both Ulhaq and TSG to obtain malpractice insurance coverage for Ulhaq was clarified when TSG assumed the responsibility of obtaining the insurance, once Ulhaq properly filled out the necessary forms. It would not make sense for TSG and Ulhaq to each independently obtain a policy for malpractice coverage. As the trial court found, TSG relieved Ulhaq from any additional requirement to obtain a separate policy when it accepted the duty to obtain the malpractice insurance policy. For these reasons, we overrule the first assignment of error.

In its second assignment of error, TSG seeks the reversal of the trial court's award of attorney fees to Ulhaq. R.C. 2721.09 gives trial courts the authority to grant attorney fees based on declaratory judgments. The Supreme Court of Ohio has held that the grant of attorney fees will not be reversed absent an abuse of discretion. *Motorists Mut. Ins. Co. v. Brandenburg* (1995), 72 Ohio St.3d 157, 648 N.E.2d 488. Finding no abuse of discretion, we do not disturb this ruling, and overrule the second assignment of error.

Having overruled both assignments of error, we affirm the judgments of the trial court.

*Judgment affirmed.*

SUNDERMANN and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.