**In re Henry E. DRIGGERS & Helen L. Driggers, Debtors.**

**Bankruptcy No. 96–00048.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

Nov. 4, 1996.

Tom Copeland, Alachua, FL, for Debtors.

Edgar S. Landham, Dover, DE, President, NationsBank.

Mark Freund, Trustee, Tallahassee, FL.

### ORDER OF CONTEMPT

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on for hearing October 31, 1996 on the motion of the debtors in the above referenced case to hold creditor NationsBank of Delaware, N.A. ("NationsBank") in civil contempt for violation of the automatic stay of 11 U.S.C. § 362(a) and for violation of the discharge injunction contained in 11 U.S.C. § 524(a). The motion and notice of hearing were duly served on the respondent, NationsBank by registered mail sent to three separate addresses contained in correspondence from respondent NationsBank to the debtors and to Edgar S. Landham, President and registered agent for NationsBank. NationsBank has not responded to the motion nor did it appear at the hearing. Based on the evidence presented at the hearing and argument of counsel, I make the following findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The debtors filed the instant case under Chapter 7 of the Bankruptcy Code on February 23, 1996. Their discharge was entered by the court on June 20, 1996. The respondent, NationsBank was listed in the debtors' schedules as having two credit card accounts and two addresses for payment of those accounts. The account in question here had a mailing address for payments of P.O. Box 9732, Macon, Georgia 31297. The address of this account contained in the debtors' schedules and on the mailing matrix match the address contained in the billing statements from NationsBank.

Following the Order of Relief in this case, on or about April 25, 1996, May 1, 1996, May 24, 1996, and May 25, 1996, the respondent NationsBank sent to the debtors bills on the account and separate letters demanding immediate payment. One June 19, 1996, the debtors' attorney sent a letter to Nations-Bank at the addresses contained in the demand letters advising of the previous bankruptcy filing and emphasizing the prohibition on further communications.

Notwithstanding the letter from debtors' counsel, the debtors continued to receive demand letters and past due bills, these coming on or about June 25, 1996, July 25, 1996, and August 25, 1996. The letter dated August 25, 1996 notified the debtors that the account was being referred to a collection agency for further action. At the hearing on the instant motion, the court was further advised that during the week prior to the hearing, and after the motion had been filed and notice of the hearing had been sent to NationsBank, the debtors received a telephone call demanding payment of the account.

 When a creditor violates the automatic stay, it may found in contempt pursuant to 11 U.S.C. § 105 if the violation is found to be willful. *Jove Engineering, Inc. v. IRS (In re Jove)*, 92 F.3d 1539, 1555 (11th Cir.1996). In this case, it is clear that NationsBank has violated the automatic stay of 11 U.S.C. § 362(a) by continuing to make demands on the debtors for payment notwithstanding the filing of their bankruptcy petition. Furthermore, NationsBank's continued efforts following the entry of the discharge in this case is a violation of the discharge injunction contained in 11 U.S.C. § 524. A violation is considered willful thus subjecting the creditor to contempt if (1) the creditor knew the automatic stay was in effect and (2) the creditor intended the actions which violated the stay. *Id.* The evidence before me can lead to no other conclusion but that NationsBank had knowledge of the bankruptcy and that it intended to send the demand notices after the bankruptcy was filed. This constitutes contempt even if no particular individual employee may have specifically intended to violate the stay. *Id.*

 Having found that NationsBank has willfully violated the automatic stay of 11 U.S.C. § 362(a), and the discharge injunction of 11 U.S.C. § 524, the question becomes that of the appropriate sanction to be imposed. The court in *Jove* set forth the nature of civil contempt sanctions when it stated

"The purpose of the civil contempt sanctions is to (1) compensate the complainant for losses and expenses incurred because of the contemptuous act, and (2) coerce the contemner into complying with the court order." *In re Jove*, 92 F.3d at 1557.

The debtors in the instant case to expend the sum of $470.00 in attorney's fees and costs as a result of the continued violations by NationsBank. They are entitled to recover these costs. They have presented no other evidence of actual damages resulting from the violations. Any future violations of the discharge injunction by NationsBank following its receipt of this order of contempt shall subject NationsBank to sanctions in the amount of $500.00 to be paid to the debtors for each instance in which the injunction is violated thereafter.

Pursuant to the provisions of Bankruptcy Rule 9020, the clerk is directed to forthwith serve a copy of this order on the respondent NationsBank. This order shall become effective ten (10) days after service of the order unless within ten (10) day period, NationsBank serves and files an objection prepared in the manner provided in Bankruptcy Rule 9033(b).

Based on the foregoing findings of fact and conclusions of law, it is accordingly hereby

ORDERED AND ADJUDGED that:

1) NationsBank of Delaware, N.A. be and same is hereby found to be in contempt for willful violation of the automatic stay provided in 11 U.S.C. § 362(a), and the discharge injunction of 11 U.S.C. § 524.

2) NationsBank of Delaware, N.A. be and same is ordered to pay to the debtors the sum of $470.00 as reimbursement for their expenses incurred in connection with this action, such payment to be made within thirty (30) days from the date of service of this order.

3) Any further violations by NationsBank of the discharge injunction following the effective date of this Order of Contempt shall subject NationsBank to additional sanctions in the amount of $500.00 for each subsequent violation upon presentation to this court of an affidavit of such violation by the debtors.

DONE AND ORDERED.